## Coe v. Givan.

1b 367
165   157

Motions for new trials, on account of newly-discovered evidence, are viewed with great caution; and have been uniformly overruled where, with due diligence, the party might previously have had the benefit of the evidence.

Matters of set-off cannot be proved, under our statute, unless there be a plea of payment with a statement of the charges relied on.

The defendant in assumpsit may, under the general issue, prove payment of the demand and thus bar the suit. He cannot however, under this issue, recover any balance which may appear to be due him.

APPEAL from the *Marion* Circuit Court.

*Friday,*
*May 20.*

BLACKFORD, J.—Assumpsit. Pleas, 1st, non-assumpsit; 2dly, that the plaintiff owed the defendant the sum of 101 dollars and 46 cents for money advanced, which was more than the plaintiff ought to recover. Upon these pleas issues were joined. At the trial the jury were instructed, that if the payment by the defendant was greater than the demand of the plaintiff, as proved, their verdict should be in favour of the defendant for the balance. Verdict against the plaintiff for 34 dollars and 46 cents. Motion for a new trial overruled, and judgment upon the verdict. Appeal to this Court by the plaintiff.

The motion for a new trial was founded upon an affidavit of newly-discovered evidence. What diligence was previously used by the plaintiff to obtain his proof does not appear. In listening to such applications, Courts of justice have always been extremely cautious, and have uniformly overruled them, where, upon using due diligence, the evidence might have been disco-

vered before. 6 Bac. 672. Much is necessarily left to the discretion of the Courts below in motions for new trials, and it requires a case much stronger than the present, to induce us to interfere with them in questions of this kind.

It is contended by the plaintiff, that the jury had no authority to find any amount in favour of the defendant. This question turns solely upon the pleadings in the cause. There was no such thing as a set-off, in these cases, at common law. By the *English* statutes authorizing the practice, the defendant must plead the set-off specially, or give notice of the charges with the general issue. These statutes of George the 2d are not in force in this country. Since then the common law makes no provision, and the *English* statutes of set-off have not been adopted, we must rest the case entirely upon the act of assembly in our own state. By that, the defendant, if he would get in a set-off, must plead payment of the demand against him, and set out his charges in such plea (1). In the case under consideration, there is no plea of payment, nor any thing like one, in substance or form. Of course, matters of set-off were altogether inadmissible as evidence to the jury. With respect to the plea of non-assumpsit, it may be observed, that the defendant had a right under that, to prove payment of the plaintiff's demand, and thus prevent a recovery against him, but nothing more. To have authorized a verdict for any amount against the plaintiff, there should have been a plea of payment, and the defendant's charges therein set forth. No such recovery can be had but by virtue of our statute; and if a defendant do not bring his case within its provisions, he can derive no benefit under it. Here there was no plea of payment, and therefore, no matter what was the evidence, a verdict in favour of the defendant for any amount whatever cannot be supported. The charge of the Court, that there might be such a verdict in this cause, is not warranted by the law. The furthest the jury could go, without a plea of payment, was merely to give a verdict in favour of the defendant. Beyond that point, all the proceedings are erroneous, and must be set aside. The verdict will then stand for the defendant, upon which judgment will be rendered, and he will have his costs in the Circuit Court.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to so much of the verdict inclusive as gives to

the defendant 34 dollars and 46 cents are set aside, with costs. Cause remanded, &c. (2).

May Term,
1825.

*Wick*, for the appellant.

*Fletcher, Rariden,* and *Caswell,* for the appellee.

(1) *Hamilton* v. *Noble*, ante, p. 188.

(2) The principle recognized in the text—that a new trial will not be granted on account of newly-discovered evidence, unless due diligence was used to procure it at the trial—is not confined to Courts of law. The same rule holds in Courts of chancery. Thus, where new matter has been discovered since the trial at law, and the party applies to chancery for an injunction and new trial; his prayer will not be allowed, if, by using ordinary diligence, he might have had the benefit of the evidence in the first instance.—*Barker* v. *Elkins*, 1 Johns. C. R. 465.—*Floyd* v . *Jayne*, 6 id. 479.—*De Lima* v. *Glassell's Admr.* 4 H. & M. 369. So, in the case of a bill of review founded on newly-discovered evidence; if the party could have discovered the new matter or new proof before the decree by using reasonably active diligence, he will not be permitted to file the bill. *Norris* v. *Le Neve*, 3 Atk. 26, 35.—*Young* v. *Keighly*, 16 Ves. 348.—*Wiser* v. *Blachly*, 2 Johns. C. R. 488.—*Livingston* v. *Hubbs*, 3 id. 124.