Dewey, J.
This was an action of ejectment on the joint *demise of several persons for a lot of land in Vincennes. Verdict and judgment for the plaintiff. The plaintiff proved that Ambrose Mallet, deceased, was in possession of the premises in dispute “upwards of twenty years before the commencement of this suit, and within twenty years, under a claim of title,'” and that the plaintiff’s lessors were his heirs at law. The consent rule admitted the possession of the defendant at the time of the institution of the action. Here the plaintiff rested- his cause. The defendant moved the Court to direct a nonsuit. The motion was overruled. This is one of the errors assigned. (1)
It is contended that a nonsuit should have been directed on two grounds; first, that the possession of the ancestor of-the plaintiff’s lessors, under a claim of title, was. not sufficient evidence of title in his heirs to enable them to sustain the action; and, secondly, that the action could not be supported on the joint demise laid in the declaration.
Neither of these objections can prevail. Possession is prima faeie evidence of title, and must succeed until evidence of prior possession, or higher evidence of title, be produced Doe *92 v. West, 1 Blackf., 133; Smith v. Lorillard, 10 Johns., 338. The possession of the ancestor raises the presumption that he was seised in fee, and lays a sufficient foundation on which to support this action on the demise of his heirs, until the contrary appear. Bull. N. P., 103.
In this State, the interest of several heirs at law, derived by descent, is, to all substantial purposes, an estate in copa ce-nary, and must be governed by the law applicable to that kind of interest. A. joint demise by coparceners is sufficient to support ejectment. Adams on Eject., 210. The Circuit Court committed no error in referring the evidence to the jury.
It appears by a bill of exceptions, that the defendant claimed title under a sale of the litigated property for nonpayment of taxes in 1817, and that for the purpose of establishing his claim, he offered in evidence several documents which, on the motion of the plaintiff, were rejected by the Court. This is also assigned for error. As these documents are not spread upon the record, we have no means of judging of their validity, and must, therefore, presume that their rejection was proper. Among the papers thus excluded *was one which is said to be a duplicate of the as'sessment-roll, and which, it is admitted, was not verified by the certificate of the clerk of the Circuit Court.. The law which governed the assessment of taxes upon lands in 1817, required that those duplicates should be so verified. Laws of 1817, p. 134. Admitting the paper in’question to be perfect in other respects, the absence of the certificate was a fatal objection to it, and rendered it incompetent to go to the jury.
The Circuit Court overruled a motion of the defendant for a new trial on the ground of newly discovered evidence. The motion was attended by the affidavits of the defendant and his attorney, that they had discovered, since the trial, that there was, on the files of the Probate Court of Knox county, a will made by Ambrose Mallet, by which he devised a life estate in the disputed property to his widow. The affidavits contained a general allegation of the use of due diligence in making preparation for the defense. But neither the defendant, nor *93 his attorney, made any application at the probate office, previous to the trial, for the purpose of ascertaining whether a will existed, or for any other purpose. This certainly was not such diligence as entitled the defendant to a new trial on account of the after discovered' evidence of a supposed outstanding adverse title, particularly as it was not stated that the widow was living. Had the defendant searched the proper place for a will—the probate office—he would have been prepared with his evidence in due season. As his want of pre-oaration was the consequence of his own remissness, the motion for a new trial was correctly overruled. Coe v. Givan, 1 Blackf., 367.
C. Fletcher, 0. Butler, 8. Yandes, and J. Law, for the *ppellants.
8. Judah for the appellee.
Per Curiam.—The judgment is affirmed with costs.

 The Court has no authority to nonsuit a plaintiff against his consent. Booe v. Davis et al., Vol. 6 of these Rep., 115.