## MILLARD v. SINGER.

A new trial should not be granted on the ground of newly discovered evidence, unless it is of a character calculated to produce a substantial change in the verdict; nor when such evidence by ordinary diligence, might have been produced on the trial.

A motion for a new trial is addressed to the sound discretion of the court, and should be refused unless a strong meritorious case is shown.

### *Error to Lee District Court.*

*Opinion by* WILLIAMS, C. J.   This is an action of assumpsit, commenced before a justice of the peace in Lee county.   Justin Millard the plaintiff, sued Henry Singer the defendant for services rendered, as a physician, to Elizabeth Conkle.   The suit was brought against the defendant, charging him as husband of the said Elizabeth, with the indebtedness created when she was a *feme sole.* The cause was taken to the district court of Lee county by appeal.

Upon the trial below, evidence was given for the purpose of showing that Elizabeth was a *feme sole* at the time the services were rendered.   That she was then acting without the control of her father, and was of such an age as rendered her liable in law for debts contracted by her. The evidence being closed, the cause was submitted to the jury, and a verdict was rendered for the defendant.   A motion was made for a new trial, and overruled by the court:

The bill of exceptions taken in the case, presents the question for adjudication, upon the following assignments of error:

1. The court erred in refusing to grant a new trial.

2. The court erred in the instructions given to the jury.

The bill of exceptions shows, that evidence was given to the jury tending to prove plaintiff's account for services, as physician, rendered to Elizabeth Conkle, (now charged as the wife of Singer,) the defendant, while she was *feme*

Millard v. Singer.

*sole*, and resided with her father Henry Conkle, and that such services were necessary, also that she was not a minor at the time the services were rendered, that she acted for herself, received her own wages, paid her own expenses, &c. The items charged, were admitted to be correct.

Henry Conkle the father of Elizabeth, was called as a witness, and proved among other things, that the services charged in the plaintiff's account, were rendered to his daughter while she was a member of his family and under age, in July, 1846.

Evidence was also given to the jury, that wages had been paid to Elizabeth before her alleged marriage with Singer, for work done by her, &c.

The jury having rendered their verdict for the defendant, a motion was made for a new trial. This motion together with the instructions of the court, is made a part of the bill of exceptions.

The instructions which were given by the court to the jury, are assigned for error. The assignment does not specify any particular error, so as to inform this court in what it consists. But we are left to examine and discuss the instructions in *extenso*, as they appear of record in the case, to ascertain for the plaintiff in error, whether something may not be found upon which to maintain the assignment. As several questions are decided by the court touching the case, as appears by the instructions, it may be justly presumed, that the plaintiff in error must have known the error, if there is any, upon which he relied for a reversal of the case. If he knew it, he should have shown it to this court specifically, that it might be particularly considered and decision had upon it.

It is however, enough for us to say that we have examined carefully the instructions of the court be'ow, and find no error in them.

The other error assigned, is the refusal of the court below, to grant a new trial. In support of this motion, several positions are taken and presented, which could not be properly urged to the court, as they relate to matter of

evidence, which was for the jury alone. The only point, which we will consider is that of newly discovered evidence. It appears by the affidavit of Millard the plaintiff, which alleges that after the trial of the cause in the district court, he discovered witnesses by whose testimony he could prove that Elizabeth Conkle, (now Elizabeth Singer,) was at the time the indebtedness accrued of age, so as to enable her to make a contract, and that she acted as a *feme sole*, without the control of her parents.

The affidavits of the persons by whom he proposed, on the trial anew if granted, to prove these facts, were also read to the court and appear of record in the case. One of them proved, that in 1846, he went to the house of Henry Conkle the father of Elizabeth, and asked her parents whether they could let him have her to work for him, that they told him, that she was her own mistress and could do as she pleased; that he hired her and paid her, and not her parents; that her parents did not claim her earnings; that her father stated, that he was poor and could not clothe her as a young lady required.

The other swore that after the trial of this cause in the court below, he went to the residence of Henry Conkle and examined the family record, and found the birth of Elizabeth recorded as follows, viz: "July 26th, 1827, my Elizabeth was born."

The testimony of the first witness, can only be viewed as cumulative to that which was given to the jury upon the trial. It presents nothing, which would be decisive of the issue between the parties. In order to operate successfully upon the mind of the judge, who tried the cause below, so as to call forth the exercise of a sound legal discretion in granting a new trial, the newly discovered evidence should be of a character calculated to produce a verdict, different in substance, from that which has already been rendered.

As to the evidence of the second affidavit, the affidavit itself shows that soon *after* the trial and verdict, he went to the house of Conkle, the father of Elizabeth, and exam-

Millard *v.* Singer,

ined the family record, &c.   This evidence, if in the exercise of due diligence the party had used the proper means to procure it, might have tended strongly to contradict the testimony of Henry Conkle the father.   But why was it not produced on the trial?   It might have been as easily procured before the trial as after it, had the plaintiff exercised ordinary diligence in preparing for the trial.   It was within his power to procure it, and he should have done so.   If courts would allow a party thus to neglect the necessary means of making out his case, at the proper time, and then upon a showing, after verdict against him, he could-produce evidence which would give him a new trial, there would be no end to litigation.   The party claiming a new trial, must not only show the court that he has discovered new and material testimony, which upon the issue tried, would have produced a different verdict, and one more favorable to him; but he must by evidence, satisfy that court that such testimony was not wanting, on the trial, in consequence of his own negligence.   He must show due diligence to procure it on his part.   If by due diligence, he might have discovered the evidence before the trial, a new trial will not be granted.   *Coe* v. *Givan*, 1 Blackf. 367; *Schlenker* v. *Risley*, 3 Scam. 486.

We have heretofore decided, that a motion for a new trial, being addressed to the sound discretion of the court which tried the cause upon its merits, the party making it, must make out a strong meritorious case or it will be refused.   *Vide*, *Lloyd* v. *McClure*,(a) tried at this term and cases there cited.   *Wheeler* v. *Shields*, 2 Scam. 351; *Wickersham* v. *The People*, 1 Scam. 130.

We are of the opinion that in overruling the motion for a new trial, the court was not in error.

Judgment affirmed.

*L. R. Reeves*, for plaintiff in error.

*J. C. Hull*, for defendant.

(a) Ante, 139.