## MASON *v.* PALMERTON.

The right to a continuance of a suit in chancery until the next term after the issue is completed is not given by the statute unless depositions are to be taken.

A Court of chancery will not award a new trial of a cause at law on the ground of newly discovered evidence, unless the defendant shows that he used due diligence to obtain the evidence for use in the cause at law; that it would have been of material advantage to him in said cause; and that it was not obtained in time to be rendered available.

A motion for a new trial cannot be made after a motion in arrest of judgment; but this rule extends only to cases where the party has a knowledge of the fact on which he grounds his motion for a new trial at the time of moving in arrest of judgment.

ERROR to the *Dearborn* Circuit Court.

PERKINS, J.—This was a bill in chancery in the Court below by *Palmerton* against *Mason* for the purpose of obtaining a new trial of a cause at law, on account of new-

*Tuesday,
June 4.*

Indiana.
2   117
128   256

Carter
2c   117
170   539

ly discovered evidence. The bill was filed at the *May* term of the *Dearborn* Circuit Court, 1846. At the *November* term, 1846, the defendant filed his answer, and the cause was continued. In the vacation following, depositions were taken, which were filed at the *April* term, 1847, at which term the plaintiff filed, also, his replication to the defendant's answer. Whereupon, at the same term, the plaintiff moved to have · the cause set down for hearing, to which motion the defendant objected, and moved that the cause be continued. The *Court* refused the former motion, and granted the latter, " on the ground that the cause had been put at issue at the present term, by the filing of a general replication to the defendant's answer, and without any affidavit," &c.

The Court erred in continuing the cause for the reason assigned. Section 64, of the R. S., p. 842, is as follows : " When no depositions are to be taken, the cause shall stand for hearing at the term at which the issue shall have been completed; but when depositions are to be taken the cause shall stand for hearing at the next term after the completion of the issue, unless the Court, for good cause shown, grant further time." And see *Andrews* v. *Jones*, 3 Blackf. 440.

At the *April* term, 1848, the cause was submitted to the Court, and a decree, awarding a new trial, rendered. This decree cannot be sustained.

1st. Because due diligence is not shown in endeavoring to obtain the evidence for use in the cause at law;

2d. It is shown that the evidence was obtained in time to have been made available in the cause at law, notwithstanding the want of diligence;

3d. It is not shown that the evidence would have been of any advantage to the defendant in the suit at law, even had he availed himself of it upon the trial there.

We learn from the record that the suit at law in which a new trial is sought, was commenced on the 24th of *October*, 1845, on a note given by *Palmerton* to *Mason*, *June* 13, 1837, for 200 dollars, at 10 *per cent. per annum*, interest; that, on the 5th day of the *May* term of the

Court, 1846, a verdict was rendered in the suit in favor of *Mason;* that a new trial was moved for; and that, on the 20th day of said term, judgment was rendered on the verdict. Upon the subject of diligence the bill states, "that your orator, since he first knew *Mason's* intention to sue on said note, has used all diligence in his power, and inquiry of all persons who he had reason to believe had any knowledge about it, or had heard *Mason* say anything about it, and that he had repeatedly examined his books and papers to see if he could discover any evidence of and from others, of the payment or settlement of said note, other than was heard upon the trial aforesaid," and that he found none; "but your orator would further state that after" the motion for a new trial was made, he "with all possible speed, rode home to *Decatur* county, fifty miles distant, and, on examination, found an old book, long since laid aside, and had not been used for the last four or five years, and found written upon the leaf of the book, a receipt signed by *Robert Mason*, the plaintiff in the action at law, as follows: '*Manchester*, *July* 28th, 1839. *John Palmerton* settled with *Robert Mason*, and paid in full to this date. Witness my hand. *Robert Mason;*' with which your orator returned with all possible haste, in order to avail himself of it on the motion for a new trial, but the Court had disposed of said motion, and said it was too late to grant a new trial at law."

It will be observed that it is not alleged that the memorandum in question had been lost, and that search had been made particularly for it. It had remained all the time in *Palmerton's* possession, on the same leaf, and in the same place where he had directed, but had not been produced on the trial, from pure forgetfulness, in himself, that he had it. It is alleged that, in this state of forgetfulness, exploring expeditions had been made among his papers, and voyages of discovery among his neighbors, to see if perchance he might stumble on any thing that could be of service to him on the trial. Now, it might be doubtful if this statement makes a case enti-

tling him to relief; but however that may be, the statement is not admitted in the answer, but is declared, in the belief of the respondent, to be untrue; and there is not a particle of evidence to show a single act of the alleged diligence to have been performed. This fact, therefore, disposes of the point under consideration.

But, secondly, it appears that, notwithstanding the want of diligence in *Palmerton*, the memorandum of settlement was discovered in time to have been made available in the cause at law. *Palmerton* had returned with it to Court by the 21st day of *May*, of the said *May* term; for on that day he filed the present bill in chancery for a new trial on account of having found it; and it further appears that on the 30th day of the same month, nine days after his return to Court, the Court was still sitting; but when it adjourned does not appear, nor is it material. Here, then, were nine days, at least, in which *Palmerton* might have moved for his new trial at law; and, by our practice, had his motion there been wrongfully refused, he had his remedy by appeal or writ of error to this Court. He had, then, a complete remedy at law. It is true that it is said in the *English* books to be a general rule that a motion for a new trial cannot be made after a motion in arrest of judgment overruled, and hence, perhaps, not after final judgment rendered; but says *Petersdorf*, Vol. 18, p. 185, "this rule, however, extends only to cases where the party has a knowledge of the fact [on which he grounds his motion for a new trial] at the time of moving in arrest of judgment. *Treberril* v. *Stamp*, 2 Salk. 647.—*Philips* v. *Fowler*, Com. 525.—Pr. Reg. 409.—Bul. Ni. Pri. 325, 326." And by our statute, R. S. 735, s. 333, "no judgment in any Court of record shall be set aside on motion, unlesss such motion be made during the term at which such judgment was rendered." The Court has power over its records during the whole of such term.

Thirdly. It is not shown that the evidence discovered would likely have changed the result of the trial at law.

The state of the evidence upon that trial is not given.

*Palmerton* says, in his bill, that "your orator filed, on the law side of this Court, three several pleas—*non est factum,* no consideration, and *nil debet;* that all these circumstances, and many more, were given in evidence," &c. The circumstances mentioned as having been given, are, the length of time the note had existed without any demand of payment; the facts that *Mason* had said the note had been found in an obscure place, and that he knew nothing about it; that he never intended to sue on it; that long after the date of said note, *Mason* had paid him, (*Palmerton,*) 50 dollars on a debt due him; and the fact that "your orator held a note on said *Mason* for 13 dollars and 13 cents, dated *March* 6th, 1833, still due and unpaid, during all the time aforesaid, up to the time of the bringing of said suit" by *Mason.* What the "many more" circumstances are that were given in evidence on said trial and are not mentioned in this bill, we do not know; nor what was the plaintiff's evidence in reply to that of the defendant. This newly discovered memorandum could only have been available under the plea of *nil debet.* It could not have been conclusive under that. It does not mention the note sued on, and might have been shown not to embrace it. *Mason* says, in his answer to this bill, that it did not—that the note was given for borrowed money, and that the memorandum related only to matters of open account. It was not given on a full settlement between the parties, as the note for 13 dollars, then, and still, due *Palmerton* by *Mason*, conclusively shows. It might simply have covered the account on the old book upon a leaf of which it was written. Now, suppose, which may have been the case, that, on the trial at law, *Palmerton* proved by a witness that a settlement took place between him and *Mason*, at the date of said memorandum, and that *Mason*, in reply, showed that said settlement did not include this note, but certain accounts. In such case, the Court at law that tried the case and knew the facts, would not grant a new trial on a subsequent discovery of this memorandum. It would

not show that the settlement did include the note. We think no ground is presented for decreeing a new trial.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. Ryman,* for the plaintiff.