May Term, 1855.

SIMPSON
v.
WILSON.

---

## SIMPSON v. WILSON, Administrator.

It is incumbent upon the party asking for a new trial on account of newly discovered evidence, to show, 1. That it has come to his knowledge since the trial; 2. That it was not owing to a want of diligence that he did not know it sooner; and 3. That it would probably produce a different result.

Where a party asks for a new trial on the ground of newly discovered evidence, he must set forth in his bill of exceptions the testimony which was submitted to the jury, so as to enable the appellate Court to judge whether the result would be changed by the new testimony, or whether the testimony would be merely cumulative.

A new trial will not be granted to allow the introduction of merely cumulative testimony.

The Supreme Court will presume that a new trial was properly refused by the Court which tried the cause, when the record does not show the contrary.

Friday,
June 15.

APPEAL from the *Henry* Court of Common Pleas.

GOOKINS, J.—After a verdict for the plaintiff in this cause, the defendant moved for a new trial, on the ground of newly discovered evidence, upon the affidavit of himself and of the witnesses by whom he expected to make the additional proof. The Court overruled the motion

and gave judgment for the plaintiff. The bill of excep-
tions does not contain the evidence given on the trial.

It is incumbent on the party asking a new trial on ac-
count of newly discovered evidence, to show, 1. That it
has come to his knowledge since the trial; 2. That it was
not owing to a want of diligence that he did not know it
sooner; and 3. That it would probably produce a different
result.

On the last point we can form no opinion, because we
do not know what was proved on the trial. Where a
party asks for a new trial on the ground of newly dis-
covered evidence, he must set forth in his bill of excep-
tions the testimony which was submitted to the jury, so
as to enable the appellate Court to judge whether the re-
sult would be altered by the new testimony.

The new testimony may have been cumulative only;
and if so, a new trial will not be granted; and we can not
know that it is not cumulative unless we are informed
what had been proved before. We must presume that
the decision of the Common Pleas in refusing a new trial
was right.

*Per Curiam.*—The judgment is affirmed, with 3 per cent.
damages and costs.

*W. Grose*, for the appellant.

*E. Johnson*, for the appellee.