## RUGER *v.* BUNGAN.

The simple fact that a party was surprised by the testimony of one or all of his witnesses, or at the result of the trial of his cause, is not a sufficient ground for granting him a new trial.

So, the fact that a party has discovered new evidence, will not secure him a new trial, unless he show that he used due diligence to obtain that evidence before the trial which has been had.

Such diligence cannot be inferred, when the party alleges surprise at the testimony of his other witnesses.

APPEAL from the *Tippecanoe* Court of Common Pleas. *Saturday, June 19.*

PERKINS, J.—Suit to recover possession of personal property. Answer, that the property did not belong to the plaintiff, but to others, and claiming a return of the property. Issue by replication. Trial by jury; verdict for the defendant, assessing his damages at 100 dollars, and awarding him a return of the property. The verdict did not find the value of the property.

The Court refused a new trial, and that ruling of the

RUGER
.v.
BUNGAN.

Court is the only error complained of. The grounds taken by the plaintiff for a new trial were four—

1. Surprise at the testimony of one of his witnesses.

2. Excessive damages.

3. That the verdict was contrary to law and evidence.

4. Newly discovered evidence.

The first and fourth causes may be noticed together. Separately, they amount, in this case, to nothing. The simple fact that a party was surprised by the testimony of one, or all, of his witnesses, or at the result of the trial of his cause, is not a sufficient ground to give him permission to retry it. So, the fact that a party has discovered new evidence will not secure him a new trial, unless he shows what diligence he had used, and that it amounted to due diligence, to obtain that evidence before the trial which had taken place.

Combined, we do not think the two causes sustained the motion on the ground of surprise. The party says he was surprised by the testimony of one of his witnesses. He does not say that that witness will testify differently upon another trial, nor that he had used any diligence to ascertain what would be his testimony on the one had. Now it appears, from the affidavit of newly discovered testimony, that evidence could have been obtained to meet the plaintiff's case. Yet, he had not used diligence enough even to ascertain what the witnesses summoned would testify to; much less, as to the obtaining of additional ones, should those prove insufficient. In such a state of facts, we think the plaintiff's surprise must be attributed to his own negligence.

The verdict and damages were based upon the evidence, and instructions of the Court given to the jury, to which no exceptions were taken at the time, nor are there now. They do not seem to authorize interference on the part of this Court.

It is objected in this Court that the jury did not find the value of the property claimed in the suit, and of which a return was awarded. If the omission to thus find was an

error in this case, it could have been at once corrected, had
the objection been made below, when the verdict was re-
turned. *Noble* v. *Epperly*, 6 Ind. R. 468. This Court does
not know but that the property involved was in a situation
to be, and has been returned.

It is too late to raise the point for the first time here.

*Per Curiam.*—The judgment is affirmed, with 1 per cent.
damages and costs.

*S. W. Telford* and *T. Dame*, for the appellant.
*W. F. Lane* and *E. A. Greenlee*, for the appellee.