Walpole v. Atkinson.

---

## WALPOLE v. ATKINSON.

Where a party asks for a new trial on the ground of newly discovered evidence, he must set forth in his bill of exceptions the testimony which was submitted below, so as to enable this Court to judge whether the result would be changed by the new testimony, or whether the testimony would be merely cumulative.

APPEAL from the *Hancock* Circuit Court.

Shurtz and Another *v.* Woolsey.

*Per Curiam.*—Action by the appellee against the appellant. Trial; verdict, and judgment for the plaintiff; a new trial being refused. Two points only are made for a reversal: 1st. That the evidence did not sustain the verdict; and, 2d. That a new trial should have been granted on the ground of newly discovered evidence. There is a bill of exceptions in the record setting out evidence, but it wholly fails to comply with the 30th rule by stating that "this was all the evidence given in the cause," and hence the case is not before us on the evidence. For the same reason, also, the question, whether a new trial should have been granted on the ground of newly discovered evidence, is not properly before us. *Simpson* v. *Wilson,* 6 Ind. 474.

Since the transcript of the record was certified, another paper has been filed, purporting to be a bill of exceptions in the cause, which the clerk below certifies is a true copy of the bill of exceptions in the case, "as amended by *William W. Wick,* counsel for *Walpole,* at the instance of Judge *Buckles,* the judge of said Court, as averred by *William W. Wick* since the former record was made out by me in said cause."

It is very apparent that the paper is no part of the record and must be disregarded.

The judgment below is affirmed, with costs and 1 per cent. damages.

*W. W. Wick,* for the appellant.

*N. B. & C. Taylor,* for the appellee.