## HUNTINGTON and Another *v.* DRAKE.

INN-KEEPER.—LIABILITY OF.—Suit against the keeper of an inn, to recover the value of a watch lost by the plaintiff while a guest at the inn. There was evidence of negligence on the part of the plaintiff, but there was also evidence from which it might have been inferred that the watch was stolen by a servant of the inn-keeper.

*Held*, that if the larceny was committed by his servant, the defendant was liable, and, after a finding for the plaintiff, it must be presumed, in support of it, that the fact was found to be that the loss resulted from the larceny of the servant.

NEW TRIAL.—PRACTICE.—An application for a new trial, made after judgment, and at a subsequent term of the court, must be regarded as an independent proceeding, and if the application is made on the ground of newly discovered evidence, the evidence given at the trial, together with the newly discovered evidence, must be set out.

APPEAL from the *Wayne* Common Pleas.

RAY, J.—The appellee brought this action for the value of a watch and chain lost while a guest at an inn kept by the appellant. Issues were formed, and a trial resulted in a finding for the appellee. A motion for a new trial was overruled, and this action of the court presents the first error assigned. There was evidence tending to show that the watch was taken from the satchel of appellee, left in her room, while she was in the supper room of the hotel. She had not locked the door of her room, although a key was placed in the lock when the room was assigned to her. There was evidence from which a jury or court might have found that the watch was taken from the room by the chambermaid employed about the hotel. In this view of the case, the appellants were liable for the value of the property taken, and, after verdict, we must regard this as the view taken by the court, sitting as a jury on the trial of the cause. The motion for a new trial was, therefore, correctly overruled. Judgment rendered upon the finding. At the next term of the court, the appellants moved again for a new trial, upon the affidavit of one of the parties, and also of the chambermaid engaged at the hotel at the time of the loss. The ground upon which the new trial was asked, was the newly discovered evidence of this servant. The evidence given on the former trial was not set out as a part of the foundation of the motion, and the court could not determine, therefore, from the papers presented in support of the motion, whether the newly discovered evidence was cumulative simply, or

whether it would probably have changed the result had a new trial been granted.

The appellants attempted to fasten this application upon the former proceedings, which had already resulted in a judgment, and was no longer pending in the court. The application, when made after judgment, and at a subsequent term of the court, must be regarded as an independent proceeding, and must set out the evidence given at the former trial, with the newly discovered evidence. This course was very plainly indicated in the opinion rendered in the cases of *Cox* v. *Hutchings*, 21 Ind. 219, and *Glidewell* v. *Daggy*, *id.* 95, and, in our judgment, is the correct method.

The judgment is affirmed, at the costs of the appellant, with 5 per cent. damages.

*J. P. Siddall* and *J. Railsback*, for appellants.

*J. C. Whitridge* and *G. Holland*, for appellee.