## RICKART ET AL. *v.* DAVIS ET AL.

PLEADING.—*Complaint for New Trial.*—In a complaint to obtain a new trial on the ground of newly-discovered evidence, it is not necessary to make a transcript of the record of the former trial a part of the complaint; but it is necessary to state the issues and evidence on the trial, and also the newly-discovered evidence.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—To entitle a party to a new trial on the ground of newly-discovered evidence, he must show that he has used due diligence to obtain it; and it is not sufficient to say, that up to the time of the former trial, and for some days after, he was not able by proper diligence to discover it.

APPEAL from the Warren Common Pleas.

OSBORN, C. J.—This was a complaint to obtain a new trial for newly-discovered evidence. A demurrer was sustained to the complaint, to which the appellants excepted; and declining to amend, judgment was rendered against them for costs.

They appeal to this court and assign for error:

1. Sustaining the demurrer to the complaint.

2. Sustaining the appellees' motion for judgment for costs.

3. Rendering judgment in favor of appellees.

The complaint does not expressly state what were the issues in the cause which had been tried. The pleadings in that cause are not before us, nor are their contents stated. The complaint states, "that the allegation of the partnership of the defendants as set forth in the complaint of the plaintiff in said action was denied in each of the separate answers of the said defendants, filed by them in said action; that to maintain the issue of partnership between the said defendants as alleged on the part of the plaintiffs in their said complaint, they" introduced certain evidence, which is stated in the complaint, on the subject of the partnership. It also alleges that evidence was introduced by the defendants on the same subject. After setting out the evidence introduced by both parties, the complaint states, "that the above is all the evidence given and offered on said trial by said parties or either of them, going to the merits of the complaint and to the said issue of partnership."

We may well presume that there was some other issue between the parties than the partnership of the defendants. We cannot say that the verdict was rendered against the plaintiffs on the issues stated in the complaint for a new trial. We do not know what the issue was. We cannot tell by the allegation in the complaint before us what the action was for. It is argumentatively stated that one of the issues tried was the partnership of the defendants. It is also stated "that said trial resulted in a verdict for the defendant George W. Davis, and against the said defendant Austin High."

The application was made after the term at which the cause was tried. The issues and the evidence in the cause tried are not before the court, except as they are shown by allegations in the complaint. It is not necessary to make a transcript of the record of the former trial a part of the complaint. *McKee* v. *McDonald*, 17 Ind. 518. Still it is necessary to state the issues and evidence in the trial, and also the newly-discovered evidence, to enable the court to judge whether the newly-discovered evidence, considered in connection with that which was before introduced, would, under the issues, change the result. "There are other matters, also, that must appear, but the issues in the cause, the old and new evidence, surely should be three matters appearing:" *Glidewell* v. *Daggy*, 21 Ind. 95.

The averment of diligence, and that the evidence was newly-discovered, was as follows: "That up to the time of said trial, and for some days after, they were not able, by proper diligence, to discover evidence of a direct statement having been made by the defendant George W. Davis, that he was a partner of the said Austin High." That was not sufficient. To entitle a party to a new trial on the ground of newly-discovered evidence, he must show that he had used due diligence to obtain it. *Ruger* v. *Bungan*, 10 Ind. 451; *Mason* v. *Palmerton*, 2 Ind. 117; *Coe* v. *Givan*, 1 Blackf. 367. In this case no diligence is shown.

The demurrer to the complaint was correctly sustained.

The judgment of said Warren Common Pleas Court is affirmed, with costs.

*M. M. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellants.

*J. McCabe,* for appellees.