### Bartholomew et al. *v.* Loy et al.

PLEADING.—*Complaint for New Trial.*—A complaint for a new trial, on the ground of newly-discovered evidence, must show that the evidence could not have been discovered with reasonable diligence before the trial, and must show that diligence was used to discover it; and it should also contain the evidence given on the former trial, so that the court can determine whether the additional evidence would be likely to change the result.

From the Hendricks Common Pleas.

*C. C. Nave* and *C. A. Nave,* for appellants.

*L. M. Campbell,* for appellees.

OSBORN, J.—This was a complaint for a new trial under section 356, 2 G. & H. 215. A demurrer to the complaint, because it did not contain facts sufficient to constitute a cause of action or for a new trial, was sustained, an excep-

tion taken, and on the appellants' declining to amend, judgment was rendered against them, and for costs. The error assigned is, that the court erred in sustaining the demurrer.

The complaint sets out the issues, a trial by the court, finding and judgment for the appellees, in the action in which the new trial is sought to be obtained. It is also averred that Fuller, one of the appellants, and Cornelius Loy, one of the appellees, were witnesses on the trial of the cause; sets out the substance of their testimony and avers that the evidence given by Loy was false; that since the trial, and since the term of the court at which the judgment was rendered, they have discovered evidence material to the issue, which was not known to them or either of them before, stating it. The names of the witnesses, whose testimony has been so discovered, are given, and their affidavits filed with the complaint, stating what they will testify to.

It is not alleged that the evidence might not have been discovered before the trial of the action, with reasonable diligence. It is not averred that any diligence was used to discover it. This was necessary. *Simpson* v. *Wilson,* 6 Ind. 474; *Bronson* v. *Hickman,* 10 Ind. 3; *The State, ex rel. Druliner,* v. *Clark,* 16 Ind. 97. It did not profess to set out or contain all the evidence given on the former trial. It simply stated the testimony of Fuller and Loy, without alleging whether there was any other evidence or not. The complaint should, at least, profess to contain the evidence given, so that the court could determine whether the additional evidence would be likely to change the result. We cannot say that evidence of the same facts, alleged to be be newly-discovered, was not introduced on the former trial, and that the finding ought not to be the same with the new evidence. *Freeman* v. *Bowman,* 25 Ind. 236; *Pattison* v. *Wilson,* 22 Ind. 358; *Simpson* v. *Wilson, supra;* *Glidewell* v. *Daggy,* 21 Ind. 95; *Huntington* v. *Drake,* 24 Ind. 347; *Cox* v. *Hutchings,* 21 Ind. 219; *Rickart* v. *Davis,* 42 Ind. 164.

The said judgment is affirmed, with costs.