RENO v. ROBERTSON ET AL.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Diligence.*—*Pleading.*—A party applying for a new trial on the ground of newly-discovered evidence must show that he used reasonable diligence to discover and produce the evidence at the former trial; and in a complaint, under section 356 of the code, for a new trial for such cause, it is not sufficient to allege that the evidence "could not have been discovered and produced at the trial by the use of reasonable diligence."

From the Jackson Circuit Court.

*W. K. Marshall,* for appellant.

*J. E. McDonald* and *J. M. Butler,* for appellees.

DOWNEY, J.—This was a complaint for a new trial, under section 356, 2 G. & H. 215. It was filed within a year after judgment was rendered in the action in which the new trial was sought. The substance of the issues in the former action is alleged, and the evidence which was given upon the former trial is stated. It is then alleged, that "since the August term, 1872, of the Jackson Circuit Court, he has discovered the following new and material evidence, which he could not have discovered and produced at the trial with the use of reasonable diligence." The names of the witnesses by whom the evidence can be adduced, and the facts each will testify to, are then stated, and an affidavit from each of the witnesses stating what he will testify is made part of the complaint. The complaint is verified by the oath of the plaintiff.

A demurrer to the complaint, alleging a want of sufficient facts, was filed by the defendants and sustained by the court. This ruling is the error assigned.

Applications for new trials, on the ground of newly-discovered evidence, are not regarded with favor by the courts, and are never granted where the party applying might, by the use of reasonable diligence, have had the evidence at the trial of the cause. A party applying for a new trial on such ground must show that he used reasonable diligence to discover and produce the evidence at the former trial. In the case under consideration, instead of stating what acts of diligence were

used, the complaint says the evidence "could not have been discovered and produced at the trial by the use of reasonable diligence." Where the question is one of diligence, we think it has never been held sufficient to make the statement with reference to it in this form. It is not even stated generally in this case that reasonable diligence was used. *Robinoe* v. *Doe,* 6 Blackf. 85; *Simpson* v. *Wilson,* 6 Ind. 474; *Ruger* v. *Bungan,* 10 Ind. 451; *Townsend* v. *The State,* 13 Ind. 357; *Harrington* v. *Witherow,* 2 Blackf. 37, and note.

It is also urged as objections to the complaint, that the new evidence is only cumulative, and is only for the purpose of impeaching a witness, but we need not examine these questions.

The judgment is affirmed, with costs.