## COOK v. HARE ET AL.

NEW TRIAL.—*Motion.*—*Newly-Discovered Evidence.*—Where the cause assigned in a motion for a new trial is newly-discovered evidence, and it is not shown that the party making the motion had used diligence to discover the new evidence before the trial, the motion must be overruled.

From the Madison Circuit Court.

*H. Craven, W. R. Pierse,* and *H. D. Thompson,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

BUSKIRK, C. J.—This was an action, by the appellees against the appellant, to recover the value of certain lumber sold and delivered by appellees to appellant. It originated before a justice of the peace, where the appellees had judgment for twenty-four dollars and thirty-five cents; and, on appeal to the circuit court, the appellees again had judgment for twenty-three dollars and ten cents.

The appellant has assigned for error, that the complaint does not contain facts sufficient to constitute a cause of action, and that the court erred in overruling the motion for a new trial.

The cause of action, as amended before trial in the justice's court, is unquestionably good.

The principal reason relied upon for a new trial was newly-discovered evidence. It is sufficient to say, in reference to this reason for a new trial, that no facts are stated showing that appellant had used any diligence to discover the new evidence before the trial. This is essential, as has been decided from 1 Blackford down to the present time. *Coe* v. *Givan,* 1 Blackf. 367; *Mason* v. *Palmerton,* 2 Ind. 117; *Ruger* v. *Bungan,* 10 Ind. 451; *Rickart* v. *Davis,* 42 Ind. 164; *Bartholomew* v. *Loy,* 44 Ind. 393.

This objection being fatal, it is not necessary to notice other questions presented by counsel for appellee.

The cause has been twice tried, with the same result. We

have examined the evidence, and think it fully supports the judgment.

The judgment is affirmed, with costs.