## RATER *v.* THE STATE.

| 49 | 507 |
| 148 | 36 |

LIQUOR LAW.—*Sale of Liquor to be Drank on the Premises.*—Where intoxicating liquor is sold in ordinary beer glasses, carried from the room, and drank on the lot belonging to the premises, and the glasses are returned, it will be presumed to have been a sale of liquor to be drank on the premises.

MOTION FOR NEW TRIAL.—*Newly-Discovered Evidence.*—On a conviction for an illegal sale of intoxicating liquor to one B., a motion for a new trial on the ground of newly-discovered evidence, in this, that one C. deceitfully

and fraudulently brought about the alleged violation of law by purchasing the liquor, etc., is bad.

SAME.—The fact that a party was deceived into a violation of law by one who was employed as a detective will not be a justification.

SAME.—*Insufficient Excuse for Not Producing Affidavit.*—On a motion for a new trial on the ground of newly-discovered evidence, it is not a sufficient excuse for not producing the affidavit of the witness, to say that the witness is interested adversely to the party making the motion.

SAME.— *Witness Compelled to Make Affidavit.*—On a proper application to the court, the court may require such witness to make his affidavit.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing,* for appellant.

*C. A. Buskirk,* Attorney General, and *R. D. Doyle,* for the State.

BIDDLE, J.—Prosecution by indictment for selling intoxicating liquor, to be drunk on the premises. Trial by the court below, conviction, and fine, and appeal to this court. Two points are made against the overruling of the motion for a new trial:

1. The insufficiency of the evidence to sustain the finding.

2. Newly-discovered evidence.

The sale, character of the liquor, name, etc., are proved beyond reasonable doubt; but the appellant claims that it was not sold to be drunk on the premises.

John W. Tice testified as follows: "When we asked for the beer, he drew two glasses; we took them out and drank them, brought them back and paid him; I don't know whether the lot on which we drank belonged to the premises or not; there was no fence between the building and where we drank; think there was a pavement made of boards; think it was enclosed by a fence in the same lot where the building stood."

Cross-examined: "I do not know whether Rater told me where to go to drink it or not; defendant was not present, and did not see us drink; I don't think he had any knowledge of where we drank; I have no recollection whatever of Mr. Rater telling us where we should drink it; he might have told us to go off the premises to drink."

Jefferson Jordan testified: "We took the glasses after the

defendant had filled them up, and went into and through another room of the building and out of a door into the lot, and drank it about two steps from the door, then took the glasses back to defendant, and Tice paid for it ; this door was south of the building ; the place where we drank is in the same enclosure that encloses the house where it was sold, and belonged to the premises."

Cross-examined : " I don't know why we went into the back yard to drink ; Tice picked up his glass, and I started and followed ; defendant could not see us drinking from where he was selling ; he could see us when we went into the adjoining room ; defendant said nothing to us, that I recollect, about not drinking on the premises ; he did not remonstrate against us going out in that direction ; I have not taken any active part in this prosecution."

James K. Ewing testified : " There is a vacant space of ground on the south side of this building, fifteen or twenty feet wide, belonging to the building and premises ; the forty by one hundred and sixty [feet] is within the same enclosure with the house."

The defendant testified : " I recollect the occasion of selling these men beer ; I had no knowledge of where they were going to drink it ; there were two doors leading into the alley on the north side of the house ; I gave no consent for them to drink on my premises ; I don't know where they drank it."

Cross-examined : " I saw these witnesses going into the adjoining room ; there are two doors leading into the alley on the north ; both the doors leading into the alley are from the room back of the bar-room ; I did not follow these men to see where they went ; there is a door also leading out to the well on the south."

This is substantially all the evidence given as to the place where the liquor was to be drunk, and we think it is sufficient. The appellant could very easily have prevented the liquor from being drank on his premises, by using the proper means. His ignorance of the fact as to where the purchaser intended

to drink the liquor, or where it actually was drunk, will not excuse him.

It seems that the liquor was sold in ordinary beer glasses, belonging to the appellant; without some other means more convenient to carry it away, he had reason to know that the liquor would be drunk on his premises; and, knowing this, he must be held to have sold it to be drunk on his premises, unless he took proper means to prevent it. *Eisenman* v. *The State, post,* p. 511; *O'Connor* v. *The State,* 45 Ind. 347.

In support of his second point, the appellant filed his affidavit in the following words:

"Andrew Rater, on his oath, says that his conviction in this action was procured by fraud and deceit, in this, to wit: that Jefferson Jordan, the principal witness for the State herein, was a hired spy and detective in the employment of a secret organization known as 'Good Templars,' whose purpose was and is to suppress intemperance; that said Jordan deceitfully and fraudulently brought about the alleged violation of law by purchasing the liquor named in the indictment herein, and by representing to this defendant that he would carry the same off of the premises and drink it; that said Jordan and said Tice did leave the defendant's bar-room, and did go out of sight, to drink, and purposely deceived the defendant, for the purpose of procuring his conviction; that this defendant did not know of any conspiracy against him until after his trial, but discovered the same since; that said Jordan is adversely interested against him herein, and he cannot therefore produce his affidavit in support of his motion; and further saith not."

There are several objections to the sufficiency of this affidavit:

1. The indictment alleges the sale to have been made to John Tice. Jardon therefore could not have " deceitfully and fraudulently brought about the alleged violation of law by purchasing the liquor named," etc.

2. The matters stated in the affidavit would not have been material to the defence. The conduct of Jardon, as alleged,

would neither have justified nor excused the appellant for a violation of the law.

3. It does not show proper diligence in obtaining the alleged newly-discovered evidence. The conduct of Jardon in reference to the sale was open to the view of the appellant at the time the sale was made, and must have been fully known to him after the finding of the indictment.

4. The excuse given for not furnishing the affidavit of Jordan as to what he would swear, is not sufficient. It shows no effort to obtain it. It is not enough to say that Jardon was "adversely interested against him." On proper application to the court, Jordan might have been compelled to make his affidavit of such facts as were within his knowledge.

For the requisites necessary to support a motion for a new trial on account of newly-discovered evidence, see the following authorities: *Simpson* v. *Wilson*, 6 Ind. 474; *Bronson* v. *Hickman*, 10 Ind. 3; *The State, ex rel. Druliner*, v. *Clark*, 16 Ind. 97; *Glidewell* v. *Daggy*, 21 Ind. 95; *Rickart* v. *Davis*, 42 Ind. 164; *Bartholomew* v. *Loy*, 44 Ind. 393.

There is no error in the record.

The judgment is affirmed.