## O'DEA v. THE STATE.

CRIMINAL LAW.—*New Trial.*—*Newly-Discovered Evidence.*—An affidavit in support of a motion for a new trial, based upon the ground of alleged newly-discovered evidence, should show that due diligence had been used, before the trial, to discover and produce such evidence.

SAME.—*Impeaching Evidence.*—A new trial ought not to be granted on account of newly-discovered evidence which could be used only in impeaching a witness who is not a party to the action.

SAME.—*Supreme Court.*—*Record.*—Where the evidence given on the trial of a cause is not in the record on appeal to the Supreme Court, error assigned upon the action of the lower court in overruling a motion for a new trial, based upon the ground of alleged newly-discovered evidence, is not available.

LIQUOR LAW.—*Constitutional Law.*—Section 12 of the act of March 17th, 1875, (1 R. S. 1876, p. 869,) "to regulate and license the sale of" intoxicating liquors, is not unconstitutional.

57    31
137    50

57    31
169    193

57    31
171    101

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BIDDLE, J.—Indictment against the appellant, for un-
lawfully selling a less quantity than a quart of intoxicat-
ing liquor to Taylor Dodson, without license. The in-
dictment was found at the March term of the Hendricks
Circuit Court, 1877, and the cause continued until the
September term of the same year, at which term the
appellant was tried, convicted and fined. He moved for
a new trial, upon the ground of newly-discovered evidence.

Under the motion he filed several affidavits:

1. His own affidavit, in which he informs the court,
that since his conviction " he has discovered material
new evidence which he could not, by the exercise of rea-
sonable care and diligence, have discovered and pro-
duced at the trial of said cause;" but he does not tell the
court that he used any diligence whatever. He further
informs the court that the newly-discovered evidence is
contained in the following affidavits of Patrick Hughes
and Thomas Feeney; and " that he fully believes the
facts set forth in said affidavits are true."

2. The affidavit of Thomas Feeney, in which the
affiant states: " That he was present at the store of
Thomas O'Dea, in the town of Brownsburgh, in said
county, on December 25th, 1876, during the entire day.
That he was acting as clerk for said defendant. That he
came to the store about six or seven o'clock A. M. of said
day, and remained there during the entire day, except
when said store was entirely closed to attend church.
That Taylor Dodson, the prosecuting witness in this
case, did not come into the store during the entire day.
Affiant was so situated in the store, that, had said Dodson
come into the store, he could not help but see him. This
affiant further says, that he never called the attention of
the above defendant to the facts above set forth, until
since the trial was had in the above entitled cause."

But whether the conviction was had for a sale made on the 25th day of December, 1876, at the store of the appellant, we are nowhere in the case informed, the evidence not being in the record. And the fact that he had from the month of March to the month of September to ascertain these facts from his clerk, without succeeding in his purpose, does not favorably impress us with the activity of his diligence in preparing his defence to the indictment.

3. The affidavit of Patrick Hughes, who swears, " That on or about May 20th, 1877, he was at the store of John Hughes, at Pittsboro, in said county; that while there the prosecuting witness, Taylor Dodson, came into the store, and in a conversation which then took place between said Dodson and said John Hughes, he, said Dodson, stated and declared that he had never purchased any intoxicating liquors of said Thomas O'Dea, at any time; but that he procured this indictment against said O'Dea for the purpose of revenge for a certain difficulty that took place between him (Dodson), and the wife of O'Dea, which took place on Christmas, 1876. This affiant further says, that he never informed said defendant of the facts above set forth, until the 4th day of October, 1877."

4. Also the affidavit of Israel L. C. Bray, which is in substance the same as the affidavit of Patrick Hughes, except that it lays a different venue for the conversation with Dodson, and that he did not inform the appellant of the facts, until the 8th day of October, 1877.

This alleged newly-discovered evidence could be used only in impeaching a witness who is not a party to the suit. This is no ground for a new trial, as we have frequently decided. The evidence not being in the record, we can not say that what has been newly discovered would have had the least influence on the verdict; nor are we even informed that it was not produced and used at the trial, all of which should have been shown, to give

force to the motion. *O'Brian* v. *The State*, 14 Ind. 469; *Cowden* v. *Wade*, 23 Ind. 471; *Larrimore* v. *Williams*, 30 Ind. 18; *Rickart* v. *Davis*, 42 Ind. 164; *Bartholomew* v. *Loy*, 44 Ind. 393; *Reno* v. *Robertson*, 48 Ind. 106; *Humphreys* v. *Klick*, 49 Ind. 189; *Kessler* v. *Leeds*, 51 Ind. 212; *Rainey* v. *The State*, 53 Ind. 278; *Rains* v. *Ballow*, 54 Ind. 79.

The appellant also moved in arrest of judgment. In support of this motion it is urged in his behalf, that the act under which the indictment was found is unconstitutional, because the subject of it is not properly expressed in the title. We think it is. So far as the section under which this indictment is prosecuted, the present act and other similar acts have so frequently been held constitutional by this court, that we must regard the question settled.

The judgment is affirmed, with costs.