Ragsdale *et al. v.* Matthews, Administrator.

No. 10,743.

RAGSDALE ET AL. *v.* MATTHEWS, ADMINISTRATOR.

NEW TRIAL.—*Complaint for.*—*Evidence Discovered After Trial.*—*Diligence.*— In a complaint, under section 563, R. S. 1881, for a new trial on account of newly discovered evidence, alleged to have been discovered after the term at which the cause was tried, it is not sufficient to allege generally that due diligence had been used to discover such evidence before the close of the term, but the facts constituting the alleged due diligence should be specially averred.

From the Lawrence Circuit Court.

*G. W. Friedley, E. D. Pearson, H. N. Spaan* and *F. Heiner,* for appellants.

*N. Crooke, M. F. Dunn* and *G. G. Dunn,* for appellee.

HAMMOND, J.—The appellants filed their complaint in the court below for a new trial, under section 563, R. S. 1881, on account of newly discovered evidence, after the close of the term at which the judgment complained of was rendered.

It appears from the complaint that the suit in the former case was upon a promissory note executed by the appellants to the appellee's intestate. Upon the issues in that case arising on pleas of payment and set-off, there was a trial which resulted in a judgment for the administrator.

The newly discovered evidence, set out in the appellants' complaint for a new trial, consists of admissions of payment alleged to have been made by the intestate, in his lifetime, to certain persons whose affidavits as to such admissions are filed with the complaint. The complaint also contains the evidence introduced at the trial of the former case. As to the diligence used in attempting to procure the new evidence in time for that trial the complaint alleges: "That although before said trial the plaintiffs diligently searched and inquired for all evidence which would tend to sustain their defence in said action, they were unable to find any other than that which was offered and is hereinbefore set out." The

complaint further avers: "Plaintiffs herein say that before the trial aforesaid they diligently searched and inquired for all evidence which would tend to prove their defence, but they were unable to find or discover any other evidence than the evidence which was offered in said case as herein set out."

There are other averments to the effect that the newly discovered evidence was not ascertained until after the close of the term.

The appellee demurred to the complaint. The demurrer was sustained. The appellants excepted to the ruling and appealed to this court.

In a complaint for a new trial, after the term at which the judgment was rendered, it must be shown that the new evidence, by the use of due diligence, could not have been found in time for the trial, nor before the close of the term. It is not sufficient to aver generally that due diligence was used to discover the evidence, but the facts constituting such diligence must be specifically stated. *Rickart* v. *Davis,* 42 Ind. 164; *Bartholomew* v. *Loy,* 44 Ind. 393; *Cook* v. *Hare,* 49 Ind. 268; *Reno* v. *Robertson,* 48 Ind. 106; *Nordman* v. *Staugh,* 50 Ind. 280; *Cox* v. *Harvey,* 53 Ind. 174; *O'Dea* v. *State,* 57 Ind. 31.

The averments in the appellants' complaint as to diligence in endeavoring to discover the evidence in time for the trial, and before the close of the term at which the judgment was rendered, are insufficient. Conclusions, not facts, are stated. The facts constituting the diligence are not given. For all that appears from the complaint, the diligence that discovered the new evidence after would have found it before the trial.

There was no error in sustaining the demurrer to the complaint. Judgment affirmed, at the appellants' costs.

Filed March 5, 1884.