Filed April 3, 1884.

---

No. 10,703.

## GARDNER *v.* THE STATE, EX REL. STOTTLER.

BASTARDY.—*Evidence.*—*Surprise.*—A party has no right to assume that testimony which is competent and legitimate under the issues will not be introduced, and hence a defendant in a bastardy proceeding can not claim surprise that the relator states acts of intercourse at places different from where he supposed, unless she led him to believe her testimony would be different.

SAME.—In such cases the defendant must be prepared to meet the case made by the relator, as he has the means of ascertaining her version of the matter.

NEW TRIAL.—*Newly Discovered Evidence.*—*Diligence.*—*Affidavit of Witness.*—The showing in support of a new trial, on the ground of newly discovered evidence, must show that diligence has been used, and the facts constituting the diligence must be stated. The affidavits of the witnesses by whom such facts can be established must accompany the showing.

SAME.—*Refusal of Witness to Make Affidavit.*—The refusal of the witness to make the affidavit is not sufficient, as the court, upon application, will compel the witness to make the affidavit.

From the Hamilton Circuit Court.

*D. Moss, T. J. Kane, R. R. Stephenson, T. P. Davis, W. H. Craig* and *L. O. Clifford,* for appellant.

*W. Neal* and *J. F. Neal,* for appellee.

BEST, C.—This was a prosecution for bastardy. The cause was tried and a judgment rendered against the appellant. A motion for a new trial was overruled, and this ruling is assigned as error.

The principal ground for the motion was newly discovered evidence. The relatrix testified to several acts of sexual intercourse with the appellant, one in January, another in February and others in April, preceding the birth of the child, which occurred on the 5th day of October, 1882. The relatrix stated that the one in January occurred in the evening upon the roadside near school house No. 10, while she was on her way there to attend a spelling school, and the one in February occurred while she was passing through a strip of woods upon appellant's farm. The appellant produced the affidavit of Victoria Carson, who states that she was with the relatrix while passing through the woods upon appellant's farm at the time mentioned, and that the relatrix did not see the appellant upon that occasion. He also produced the affidavits of John Greer and Edward Kepner, who stated that they accompanied the relatrix from near her home to the spelling school at the time named, and that she did not see the appellant upon that occasion. The appellant also filed his own affidavit, in which he states that "he did not know until he heard the testimony of the relatrix on the trial of

said cause, that she claimed to have had sexual intercourse with him at either of the times and places fixed by her in January and February, 1882, and had no information or knowledge to that effect; that her testimony on said trial was the first intimation he ever had that she claimed to have had sexual intercourse with him near said school house in January, or in the woods in February; that he was surprised on said trial in this court by her said testimony, as he had been informed and believed, prior to said trial, that she claimed to have had the intercourse with him at his house, and at no other place, and, therefore, that he was not prepared to refute her statements with witnesses, aside from his own testimony on the trial; * * * that he used every effort, prior to said trial, to discover all important and material testimony in his behalf; that he went to see and inquire of each and every person whom he knew or believed had any knowledge of the matters involved or knew any facts that he was advised or supposed were material to his defence." The affidavit of appellant states other facts which will hereafter be noticed, but makes no other statement tending to show diligence in the discovery of this testimony, and in this respect we are of opinion that the showing was insufficient. The statement of appellant, that he was surprised at the testimony of the relatrix that acts of intercourse had occurred at places other than at his home, adds nothing to the showing. This testimony was competent and legitimate under the issues, and in such case a party has no right to assume that no such testimony will be introduced. *Pauley* v. *Short,* 41 Ind. 180; *Hill* v. *Sutton,* 47 Ind. 592; *Chamberlain* v. *Reid,* 49 Ind. 332.

It would be otherwise if the relatrix had led him to believe that no such testimony would be given. *Haynes* v. *State, ex rel.,* 45 Ind. 424.

The statement is that " he was informed and believed " that no such testimony would be given, but it is not stated that the relatrix informed him that such would be the case, or made such statement to any other person. In the absence of such

information from the relatrix, the appellant was required to anticipate any testimony admissible under the issues, and to be prepared to meet it. In cases of this kind the procedure itself furnishes the defendant with ample means to avoid surprises of this kind. The relatrix is examined as a witness before the justice, and upon such examination the defendant can ascertain from her when, where, and under what circumstances the child was or may have been begotten. In this case the appellant did not avail himself of this opportunity to ascertain her version of the facts, but waived an examination, and now he can not say that he was surprised at her testimony, simply because he did not know what it would be. The application for a new trial is not on the ground of surprise; but this is stated, as we suppose, as an excuse for not using any diligence to obtain the newly discovered evidence before the trial. If we are right in the conclusion that the facts stated show no surprise, then it follows that no diligence was used to obtain this testimony, as the inquiries made by him must have had no reference to facts which he did not believe was material to his defence. Again, the facts which constituted the diligence must be stated, so that the court can determine whether or not diligence was, in fact, used. This is not done. The statement made is nothing more than a general statement that due diligence was used, which is insufficient. *Rickart* v. *Davis*, 42 Ind. 164; *Reno* v. *Robertson*, 48 Ind. 106.

The appellant's affidavit also stated that John Zelt and Conrad Eck, after the trial, first informed him that Charles Lockwood accompanied the relatrix home from said spelling-school, and that in going home they were alone, went nearly two miles out of the usual way; that they left the road, crossed a field in the direction of a straw stack, and were not seen after they reached its vicinity; that the parties decline to make an affidavit of these facts, and so does said Lockwood; that appellant believes said Lockwood had sexual intercourse with the relatrix about the time the child was begotten,

and that he can prove it upon another trial; that he was ignorant of these facts until after the trial, etc.

The showing made upon the ground that Lockwood had had sexual intercourse with the relatrix at this time was not sufficient, because the affidavits of the witnesses did not accompany the application. This is required, unless a sufficient excuse is shown for the failure to file them. *Shipman* v. *State,* 38 Ind. 549; *Hill* v. *Roach,* 72 Ind. 57.

The refusal of the witness to make the affidavit is not a sufficient excuse, as the court, upon application, will compel the witness to make the affidavit. *Rater* v. *State,* 49 Ind. 507.

For these reasons, we are of opinion, that the showing for a new trial upon the ground of newly discovered evidence was insufficient.

The other reasons assigned for a new trial are not urged, and the ruling upon the motion can not be disturbed. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment is hereby in all things affirmed, at the appellant's costs.

