May Term,
1858.

ELLIOTT
v.
MILLS.

*Wednesday,*
*June 2.*

---

## ELLIOTT v. MILLS.

In a suit upon an account which appears upon its face to be barred by the statute of limitations, a credit given by the plaintiff within the period of limitation, does not take the account out of the operation of the statute, without proof that such credit was a payment by the defendant.

But where the defendant, when called upon for payment, examined the account, including such credits, and pronounced it correct,—*held,* that the credits were admitted to be correctly entered as payments; and that the jury might infer from such admission a new promise to pay the residue of the debt.

The affidavits of jurors may be received in support of their verdict; but not to impeach it. Much less will the statement of jurors, not under oath, be received to impeach their verdict.

*Wednesday,*
*June 2.*

APPEAL from the *Marion* Court of Common Pleas.

DAVISON, J.—This was an action commenced on the 22d

of *December*, 1855, by *Mills* against *Elliott*, for goods sold and delivered. A bill of particulars filed with the complaint shows various items of account, and also various credits which when deducted leave a balance of 560 dollars in favor of *Mills*.

The last item on the debit side of the account appears to have been charged *May* 18, 1849. The bill then sets forth two items of credit as follows:

"*March* 16, 1850, by merchandize, - - - $20 00
"*June* 4, 1851, - - - - - - - - 2 00"

The defendant answered—

1. That on the 9th day of *May*, 1851, he and *Mills* made a full settlement of all accounts then existing between them, in which it was found that defendant was then indebted to *Mills* 380 dollars and no more, and that afterwards on the 10th day of the same month, he fully paid the amount so found due on settlement.

2. That the cause of action did not accrue within six years next before the commencement of the suit, &c.

Replies in denial of the answer.

Verdict in favor of the plaintiff for 355 dollars. And the Court having refused a new trial, rendered judgment, &c.

The evidence is upon the record in the form of depositions. *David A. Lyman* deposed that he was the plaintiff's salesman and bookkeeper; that in the year 1849, he presented to the defendant [the account] and demanded its payment—the charges in the account presented being the same as in that on which this suit is founded, but as to the credits witness could not speak with certainty; that defendant, when the account was presented, did not deny it, but on the contrary, said he would pay it; that since its presentation, witness has had several conversations with defendant respecting the account, and he always said he would pay it as soon as he could; that the last of these conversations occurred in 1851.

*Sexton*, another witness, testified that in *January*, 1855, he called on the defendant at *Indianapolis*, and showed him the same account on file among the papers in this case;

that he took the account into his hands, looked over it and said it was all right; but that he failed to pay. *Lyman*, in a second deposition taken at the instance of the defendant, says there is on the plaintiff's books an entry of credit in favor of the defendant for 50 dollars, which purports to have been given on the 17th of *December*, 1849, and is not contained in the plaintiff's bill of particulars.

The above is, in substance, the evidence, so far as it relates to questions arising in the record.

The reversal of the judgment is sought upon two grounds: 1. The action, it is said, is barred by the statute of limitations; and 2. That the verdict is unsustained by the proofs.

We have seen that the last item on the debtor side of the account was charged *May* the 18th, 1849; hence, it must be presumed that the cause of action accrued at that date; and as the present suit was not commenced until the 22d of *December*, 1855, the action is plainly within the statute, unless the credits of *March* the 16th, 1850, and *June* the 4th, 1851, take the case out of its operation. This result would not follow the mere fact that credits were given; because that would allow creditors holding accounts against which the statute had run to manufacture evidence for themselves; but when such credit is given with the privity of the debtor, or he assents to it as a payment on the debt, a new promise to pay the residue may be inferred. 2 R. S. p. 78, § 223.—Angell on Lim. ch. 22, p. 304.—Pars. on Cont. p. 353. It has been decided that a credit given by the plaintiff on an account which would otherwise be barred on its face, without proof that such credit was a payment by the defendant, does not take the debt without the operation of the statute. *Taylor* v. *McDonald*, 2 Conn. R. 178.—*Watson* v. *Dale*, 1 Porter (Ala.) 247.

In the case at bar, the proof is that the defendant, when called on for payment, took the account, which included the credits, into his hands, examined it, and said it was all right. This was, in effect, an admission not only that the debit, but also that the credit side of the account was cor-

rectly stated; and from such admission, the jury, in our
opinion, had a right to find that the credits of *March* the
16th and *June* the 4th were entered in good faith as pay-
ments then made by the defendant, and also to infer a new
promise to pay the residue of the debt. At all events, the
jury have made the inference from evidence which it was
their duty to weigh, and we are not inclined to hold their
conclusions erroneous. *Conwell* v. *Buchanan*, 7 Blackf.
537.

Among the causes assigned for a new trial, there is one
especially relied on which reads thus: "The jury unin-
tentionally omitted to allow the defendant a credit of 50
dollars, as proved by the deposition of *David A. Lyman*."
To sustain this assignment, the defendant proposed to in-
troduce upon the hearing of the motion the following state-
ment:

"*Joseph H. Mills* v. *Wm. J. Elliott.* We the under-
signed, two of the jurors who tried the above cause, state
that we unintentionally overlooked and failed to give the
defendant the credit of 50 dollars paid by him on the 17th
of *December*, 1849, as shown by the deposition of *David
A. Lyman*, wherefore we say that the verdict is for 50 dol-
lars too much. [Signed,] *William H. Lingenfelter, Tho-
mas Morrison.*"

The Court refused the introduction of this statement, and
the defendant excepted.

The rule is that the affidavits of jurors may be received
in support of their verdict; but not to impeach it. 2
Blackf. 114 (1). Here, the jurors, in effect, say that in con-
sequence of their negligence the verdict is erroneous. This
is evidently an impeachment of the verdict. But the state-
ment was not even verified by oath, and was for that rea-
son inadmissible. And the rule to which we have referred
at once shows that there was no error in the refusal to ad-
mit the statement.

In view of all the evidence, we are not inclined to say
that a new trial should have been granted.

*Per Curiam.*—The judgment is affirmed, with 2 per cent.
damages and costs.

W. *Henderson*, for the appellant.

*N. B. Taylor* and *J. Coburn*, for the appellee.

(1) See, also, *Conner* v. *Winton*, 8 Ind. R. 315.