McDaniel *v.* Graves and Another.

The statutory rule touching new trials on account of newly discovered evidence, that the application must be in writing and sustained by affidavit, applies, whether the application be made at or after the term at which the verdict was rendered.

A complaint for a new trial on account of evidence discovered after the term at which the verdict was rendered, is defective without an affidavit showing the truth of the alleged cause.

And if the complaint does not show upon its face that the new evidence was not discovered during the term at which the verdict was rendered, it is bad. An averment that it was discovered since the trial of the cause is not sufficient.

APPEAL from the *Boone* Circuit Court.

*Monday, June 13.*

Davison, J.—This was a complaint under § 356 of the practice act, for a new trial. That section provides that, "Where causes for a new trial are discovered after the term at which the verdict is rendered, the application may be made by complaint filed with the clerk not later than the second term after the discovery, on which a summons shall issue, as on other complaints, requiring the adverse party to appear and answer it on or before the first day of the next term. The application shall stand for a hearing at the term to which the summons is returned executed, and shall be summarily decided by the Court, upon the evidence produced by the parties. But no such application shall be made more than one year after the final judgment was rendered." 2 R. S. p. 119.

In this case, the complaint avers that the appellees, *Groves* and *Noffsinger*, at the *March* term of said Court, 1855, recovered a judgment against *McDaniel*, the appellant, on a promissory note given by him to one *John H. George*, and which, as they allege, had been assigned and delivered to them by said *George* without indorsement; and that *McDaniel*, the then defendant, in his answer to the complaint on said note, set up affirmatively that he had fully paid the note to *George* before he assigned it to *Groves* and *Noffsinger*, and that they, at the time said note was so assigned, had full notice of such payment.

And it is further averred, that the defense thus set up to the note is true; but that he, *McDaniel*, failed to sustain it by proof; that since the trial of the cause, in which judgment was so rendered against him at said term, he has ascertained that he can prove by one *Rhoda George*, who is a resident of *Lafayette*, *Indiana*, the payment alleged in his defense, and that until after said trial, he had no information or knowledge that he could make such proof, &c. The relief prayed is, that the judgment upon the note be set aside, and a new trial granted, &c.

To this complaint, *Groves* and *Noffsinger* demurred on two grounds—

1. That the complaint is unsustained by affidavit.

2. That it fails to allege that the evidence relied on was discovered after the term of the Court at which the verdict was rendered.

The Court sustained the demurrer; and thereupon *McDaniel* moved for leave to amend the complaint by attaching thereto his affidavit, showing a discovery of the evidence after the term at which the verdict was rendered, and also what he expected to prove by the witness; but the Court refused to allow the proposed amendment, and rendered judgment, &c.

Where a new trial is sought because of newly discovered evidence, the statutory rule is, that the application founded on that cause be in writing, and sustained by affidavit. 2 R. S. p. 119, § 355. And this rule, under a fair construction of the statute, applies whether such application be made at or after the term in which the verdict was rendered. It follows that the complaint before us, there being no affidavit showing the truth of the alleged cause, must be held defective.

But the second ground of demurrer is also well taken; because, for aught that appears on the face of the complaint, the new evidence may have been discovered during the term at which the cause was tried and determined. The averment that *McDaniel* had discovered the evidence since the trial of the cause was insufficient.

In reference to the action of the Court in its refusal to

grant leave to amend, it may be noted that the proposed amendment, had it been allowed, would still have left the complaint defective, for the want of an averment that the alleged cause for a new trial had been discovered after the term at which the verdict was rendered. Hence its refusal was not effective as an injury to the plaintiff. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*O. S. Hamilton*, for the appellant.

*I. Naylor*, for the appellees.