*W. Brotherton*, *A. Kilgore* and *C. E. Shipley*, for the appellants.

---

### ALLEN v. GILLUM, Executor of DUNCAN.

The statute does not, in express terms, require the complaint for a new trial to be sworn to.

A jurat in these words, viz., "Sworn to before me, this 3d *April*, 1860, *A. B.*, cl'k," is good, though the Court of which the officer was clerk is not shown.

The correct practice, on the hearing of a complaint for a new trial, is for the parties to bring their witnesses into Court, and have them testify orally in reference to the matters involved in the application.

The new evidence produced should, viewed in connection with that already offered on the trial, be of such a character as would have entitled the party to a new trial, if the application had been made in term time.

May Term, 1861.

ALLEN
v.
GILLUM.

APPEAL from the *Orange* Common Pleas.

HANNA, J.—At the *October* term, 1859, of said Court, the appellee obtained a judgment against the appellant; at the next term of said Court, the appellant filed a petition, alleging that he had, since the former term, discovered a cause for a new trial, viz., that he had discovered three witnesses, whom he named, by whose testimony he could prove that the note which was the foundation of the action was executed on *Sunday*, and that the payee of the note said that he had purposely taken it on that day, because he never expected, nor intended, to collect it; that petitioner did not know of said witnesses during said term, and was surprised, at the trial, that those he produced did not testify to the same facts, which are true.

Tuesday, June 4.

On motion of the appellee, the Court dismissed the petition. This ruling presents the only point in the case.

The ruling is attempted to be sustained on two grounds: first, that the petition was not properly sworn to; second, the affidavits of the witnesses were not produced.

As to the first, the petition appears to be signed by the appellant, and has appended to it the following words: "Sworn to before me, this 3d *April*, 1860. *H. C. Wible*, cl'k." The statute, 2 R. S., § 356, p. 119, provides that the complaint may be filed with the clerk, within one year, on which a summons shall issue, requiring the adverse party to appear and answer on or before the first day of the next term. The application shall stand for hearing at the term to which the summons is returned executed, and shall be summarily decided by the Court upon the evidence produced by the parties. This does not, in express terms, require the complaint to be sworn to; and even if it did, we do not think there is any thing in the failure of the officer to state that he is "clerk of the Common Pleas Court of *Orange* county."

As to the second point, we are of opinion that the correct practice, under this statute, would be for the parties to bring their witnesses into Court, and let them testify orally before

the Court, in reference to the points involved in such application for a new trial.

The new evidence produced should, viewed in connection with that already offered on the trial, be of such a character as would have entitled the party to a new trial, if the application had been made in term time. Precisely how far the petition for such new trial should show that fact, we need not now determine. It is evident that the complaint for a new trial, in this case, was radically defective in that respect.

*Per Curiam.*—The judgment is affirmed, with costs.

*A. J. Simpson*, for the appellant.

*J. Collins* and *A. B. Collins*, for the appellee.