Nov. Term, 1861.

McKEE
v.
McDONALD.

---

McKEE *v.* McDONALD and Others.

In proceedings for a new trial under § 356 of the code for causes discovered after the term, the record of the previous trial is not the foundation of the suit, and hence, a transcript thereof need not be filed with the complaint.

*Saturday, December 14.*

APPEAL from the *Putnam* Common Pleas.

PERKINS, J.—Suit to obtain a new trial. Demurrer to the complaint sustained; final judgment for the defendants, denying a new trial. The suit was commenced at the *February* term, 1860. The complaint states that at the *September* term, 1860, a suit was tried in the *Putnam* Common Pleas, wherein *McDonald, Daggy* and *Daggy* were plaintiffs, and *McKee* was defendant, being the parties to the present suit reversed; that judgment was rendered in said suit against *McKee* for a large sum, to wit, &c.; that the judgment was thus rendered upon the testimony of *Jacob Daggy*, who swore that he was not a partner in the firm of *McDonald & Co.*, and had no interest, &c.; and who further swore that said *McKee* told him, about *November* 1, 1859, that he, *McKee*, had bought eleven or twelve hundred hogs for *McDonald & Co.*, at four dollars per hundred, pursuant to a

contract with said company; that he was taken by surprise by this testimony, as it was contrary to the facts, and in no manner expected, and he could not then rebut it, though in truth, he had purchased but four hundred instead of twelve hundred hogs; and in truth, said *Daggy* was a partner in interest, &c.; and that said *McKee* has, since the term of said trial, discovered evidence by which he can prove the facts as in this complaint he states them, &c. He further states that *Daggy* was the only witness who swore to facts as stated in his testimony.

The statute provides (2 R. S., § 356, p. 119) that a new trial may be applied for, within a year after final judgment, for causes discovered after the term, which application shall be by way of complaint, to which the adverse party shall answer, and when issue is formed, it shall be tried by the court upon the evidence that may be adduced, and a new trial granted or refused, as the court may determine upon the evidence.

The record of the previous trial is not the foundation of the suit in this class of actions, and a transcript of it need not, therefore, be made a part of the complaint.

The evidence of the witness *Daggy* went, in the original trial, to the establishment of two facts, to wit: that he was not a partner with *McDonald, & Co.*, and that *McKee* had bought twelve hundred hogs for *McDonald & Co.* The newly discovered evidence is to disprove these alleged facts; and though it may thus indirectly impeach *Daggy*, such is not the direct object of the evidence. We incline to think the Court should have overruled the demurrer, required the defendants to answer, and heard the application on its merits.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for further proceedings, &c.

*John A. Matson* and *J. A. Scott*, for the appellant.

*Williamson* and *Daggy*, for the appellees.