Glidewell *v.* Daggy.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

(1) There is no brief for the appellant with the record.

(2) The counsel for the appellee argue: A judgment upon a verdict, or special finding of facts, will not be disturbed when there is any evidence tending to sustain it. 2 Blackf. 137; *id.* 167; *id.* 464; 4 *id.* 311; 5 *id.* 108; 7 *id.* 540; *id.* 290; 8 *id.* 339; 1S Ind. 418; *id.* 420; 18 Ind. 181; *id.* 272.

In the absence of proof to the contrary, the cashier has authority to bind the bank by the indorsement and transfer of the securities of the bank. *Badger* v. *Bank of Cumberland,* 26 Maine, 428; *Burnham* v. *Webster,* 19 Maine, 232; *Fleckner* v. *Bank of the Passamaquoddy,* 3 Mason, 505; *Folgey* v. *Chase,* 18 Pick. 63; *Minor* v. *Mechanics' Bank of Alexandria,* 1 Peter's R. 46; *Frankfort Bank* v. *Johnson,* 24 Maine, 490; Story on Ag. § 114; Angell and Ames on Corp. § 299, *et seq.; Bank of Genesse* v. *Patchin Bank,* 19 N. Y. R. 312; *Jones* v. *Hawkins,* 17 Ind. 550; *Smith* v. *The Branch of the State,* 18 Ind. 327.

---

GLIDEWELL *v.* DAGGY.

NEW TRIAL—PRACTICE.—Under the code, a new trial after the term can only be granted for a cause for which a new trial might have been granted during the term, had the cause then been known,

and the same facts must be made to appear before the Court, to determine the exercise of its discretion in the one case as in the other.

SAME.—Where an application for a new trial is made after the term, based upon newly discovered evidence, there must be brought to the knowledge of the Court, by affidavits or otherwise, the issues in the cause, the evidence adduced upon the former trial, and the newly discovered evidence, in order that the Court may correctly determine its duty in the premises.

SAME.—The application for a new trial must be made by a complaint, which should show, on its face, a cause for a new trial, to the end that, if it should be demurred to, and thereby admitted, the Court could finally act upon it.

APPEAL from the *Putnam* Common Pleas.

PERKINS, J.—The plaintiff calls his suit, by name, one for a review and rehearing. And in the complaint he filed, he evidently shows that he was confounding, in his mind, the two remedies of a suit for a review, and a suit for a new trial, when he filed it. But the only part of a case he makes falls within the provision of the statute, authorizing the granting of trials after the expiration of the term. We shall treat the case as one, for the obtaining of such new trial, under sec. 356, p. 215, 2 G. & H.

New trials may be granted for any legal cause during the term at which the original trial is had, where such cause is known at that term; and, if the cause is not known at that term, but is discovered afterwards, within a year from the rendition of final judgment, application may be made for a new trial within a year after the rendition of such judgment, upon which application a new trial may be granted, if sufficient cause is made to appear. But the cause for which a new trial may be granted after the term, must be a cause for which a new trial might have been granted during the term, had the cause been then known; and the same facts must be

Glidewell *v.* Daggy.

made to appear before the Court, to determine the exercise of its discretion in the one case as in the other. One of the causes for a new trial during the term, is newly discovered evidence. It may, therefore, be a cause for granting a new trial after the term.

If the new trial is applied for during the term, the Court has before it the issues in the cause, and, in memory, the evi- dence that was adduced upon the trial had, and must have before it, by affidavit or otherwise, that which has been newly disċovered, that it may be able to judge whether the new evi- dence is merely cumulative or not, and of its probable effect, in connection with the old evidence, upon the result of the case, and thereby be able to judge of the propriety of grant- ing a new trial. There are other matters, also, that must ap- pear, but the issues in the cause, the old and the new evi- dence, surely should be three matters appearing.

The manner in which the application for a new trial must be made after the term, is pointed out by the section above quoted. It is by complaint, and the complaint must show, on its face, a case for a new trial, so that, should it be de- murred to, and thereby be admitted, the Court would act finally upon it. It must contain, in allegation, what must be shown in proof. *Cox* v. *Hutchings*, at this term.

In the case before us, the complaint shows that *Addison Daggy*, assignee of the firm of *Jacob Daggy & Co.*, sued the plaintiff herein, *Glidewell*, on a promissory note, and recovered judgment. The issues in the case are not stated. But *Glide- well* seeks a new trial within a year after the rendition of judg- ment against him; and he avers that he had long ago paid the note, by delivering to the firm of *Daggy & Co.* a yoke of oxen, before it was assigned to *Addison Daggy*, who sued on it. He says that *Addison Daggy* obtained judgment against him on the note, "by *Jacob Daggy* testifying that he paid said *Glidewell* for the oxen at the time of their delivery," when

such was not the fact.   He does not explain whether he means that *Jacob Daggy's* testimony was all the evidence given in the cause, or that it had, in his opinion, a controlling influence in the case.   As the Court below heard the testimony, we presume, on the trial when it occurred, it was enabled to value the ambiguity in accordance with the actual fact.   He adds, in his own complaint, that the reason why he did not disprove the truth of *Daggy's* testimony on the former trial, was, that "he did not then know of the testimony that would set aside the testimony of *Jacob Daggy.*" Why he did not know of it, he does not explain, nor does he intimate that he made any diligence in attempting to discover it, while it appears in another part of his complaint, that he knew all the members of the firm of *Daggy & Co.*, to whom he paid the oxen, viz: *Jacob Daggy*, and one *Landis*, and one *Grooms.*   He then closes his complaint by alleging that he will be able to disprove his testimony on another trial, "by *Isaac Proctor, Richard Grooms,* and *Thomas Glidewell.*"   Here the complaint closes.   The complaint is verified alone by the oath of *Robert Glidewell*, the plaintiff.

We can not say that the Court erred in holding the complaint bad.

*Per Curiam.*—The judgment is affirmed, with costs.

*C. C. Nave,* for the appellant.

*Addison Daggy,* for the appellee.