Cox *v.* Hutchings.

———————— ⋆⋅⋆⋅⋆ ————————

Cox *v.* HUTCHINGS.

NEW TRIAL—SURPRISE.—Under the law allowing parties to testify, where the plaintiff simply swears to the truth of his complaint, it is doubtful whether the defendant can in any case have a new trial on the ground alone that he was surprised by such testimony of the plaintiff.

NEW TRIAL.—NEWLY DISCOVERED EVIDENCE.—A new trial will not be granted on the ground of newly discovered evidence, where such evidence is merely cumulative, or where it might not change the result on another trial.

PRACTICE.—An application for a new trial shall be verified.

APPEAL from the *Montgomery* Circuit Court.

PERKINS, J.—Complaint for a new trial. Two grounds are assigned :

1. Surprise at the testimony of the plaintiff, *Hutchings.*
2. Newly discovered evidence.

The case in which the new trial is asked was this :

*Hutchings* sued *Cox* for 431 dollars, which he alleged the latter owed him for money and services expended and performed by the former, (*Hutchings,*) in purchasing hogs for the latter, (*Cox.*)

*Cox* answered, the general denial, and a special denial, that *Hutchings* purchased the hogs in question for himself, not for *Cox*, the defendant.

The cause was tried after the act making parties competent witnesses came into force. *Hutchings* was a witness and simply swore to the truth of his complaint, simply swore to his cause of action which had been put in issue by the answer. How the defendant could be surprised, in a legal sense, by the testimony of a party to his cause of action, on which a direct issue, and the only issue in the cause had been formed, is not easily perceived. *Cox* does not say, in his complaint in this case, whether he swore to the contrary of *Hutchings* on the trial or not. See the cases as to surprise cited in 2 G. & H. p. 212, notes 3 b, c, d.

As to the second ground, newly discovered evidence, the complaint is fatally defective, for the reason that the evidence given upon the trial had is not shown.

It is a settled general proposition that a new trial will not be granted on account of newly discovered evidence where such evidence is merely cumulative, or where it might not change the result on a new trial. To enable the appellate Court, therefore, to determine whether the Court below rightly denied a new trial—(the Court that heard the evidence)—that evidence must appear in the record. 2 G. & H. p. 213, note 1. If the application for a new trial is made by motion in term time, to the Court that tried the cause, the evidence, on taking an appeal, is put in the record by bill of exceptions. *Walpole* v. *Atkinson*, 18 Ind. 434. If the application is made afterwards by complaint, perhaps to a Court that did not hear the original trial, the evidence must, at

least, according to averment, appear in the complaint, and again before the Court, on the trial, and again in a bill of exceptions after the trial, should there be an appeal to an appellate Court from the judgment upon the trial of the merits. *Stanley* v. *Peoples*, 13 Ind. 233; *McKee* v. *McDonald*, 17 Ind. 518: *Crawford* v. *Martin*, 10 Ind. 370; *Glidewell* v. *Daggy*, at this term.

2. Whether the complaint for a new trial should necessarily be verified, is not clear from the authorities. It was so held in *McDaniel* v. *Graves*, 12 Ind. 465; but doubted in *Allen* v. *Gillum*, 16 *id.* 234, though without noticing the previous case.

We think the complaint should be sworn to. The oath may be some check on groundless applications; but if the objection is not taken of want of verification till after the trial it will be waived.

*Per Curiam.*—The judgment must be affirmed, with costs.

*McDonald & Roache*, for the appellant.

*S. C. Willson*, for the appellee.