House *v.* Wright.

---

HOUSE *v.* WRIGHT.

PRACTICE—NEW TRIALS—APPEAL.—An appeal can not be taken from an order of the Circuit Court granting a new trial upon application made after the term, because such an order is merely interlocutory and not final.

PRACTICE IN SUPREME COURT.—The Supreme Court will much more reluctantly reverse the final judgment of a cause for error in granting than for error in refusing a new trial.

PLEADING—NEW TRIALS.—The rule that, where a new trial is applied for after the term, on account of newly discovered evidence, the evidence given on the trial had must be substantially set forth, does not apply necessarily where the new trial is applied for on other grounds.

APPEAL from the *Jackson* Circuit Court.

PERKINS, J.—Complaint for a new trial after the term. Demurrer to the complaint overruled; trial of the question; new trial granted; appeal from the award of a new trial to this Court. The judgment granting a new trial was an interlocutory, not a final judgment; and it was not one of those interlocutory judgments from which an appeal will lie by statute. The appeal, therefore, will have to be dismissed. It may be observed that a new trial may be granted after the term, on a proper case made, for any cause for which a new trial might be granted in term. 2 G. & H. 277.

2. That the Supreme Court will much more reluctantly reverse the final judgment in a cause for error in granting, than for error in refusing a new trial. 2 G. & H. p. 211, cases cited in note j.

3. The rule, that where a new trial is applied for after term, on account of newly discovered evidence, the evidence given on the trial had must be set forth, does not apply, necessarily, where the new trial is applied for on other grounds. See the cases of *Hitchens* v. *Ricketts et al.*, at this term; *McKee* v. *McDonald*, 17 Ind. 518; *Glidewell* v. *Daggy*, 21 Ind. 95; *Cox* v. *Hutchens*, id. 219; *Ruddick's Adm'r* v. *Ruddick's Adm'r*, id. 163.

*Per Curiam.*—The appeal is dismissed, with costs.

*Jason B. Brown* and *Martin Ferris*, for the appellant.

*William K. Marshall*, for the appellee.