## Statelar's Administrator *v.* Sample's Administrator.

Suit to Vacate Judgment.—Complaint by the administrator of A against the administrator of B, alleging these facts: That one C had filed a pretended claim against the estate of A, which the administrator refused to allow; that pending said suit, C pretended to have assigned the claim to B, who was substituted as plaintiff; that on the trial, B and C swore that

said pretended assignment was made *bona fide*, and for a valuable consideration, and the plaintiff, as administrator of A, being then unable to controvert the truth thereof, the claim was allowed; that he has since ascertained, and alleges the fact to be, that said assignment was made without consideration, and for the fraudulent purpose of enabling C to become a witness, and that said claim was all the time the property of C. Prayer, that the judgment be vacated.

*Held*, that the complaint did not present such a case as to justify a court of equity in vacating the judgment.

APPEAL from the *Bartholomew* Common Pleas.

ELLIOTT, J.—Suit by *Treadway*, administrator of *William C. Statelar*, deceased, against *Schloss*, administrator of *Andrew Sample*, deceased. A demurrer was sustained to the complaint because it did not state sufficient facts to constitute a cause of action, and judgment for the defendant. *Treadway* excepted to the ruling of the court, and appeals.

The allegations of the complaint are as follows: "The plaintiff, *Milton Treadway*, administrator of the estate of *William C. Statelar*, deceased, complains of defendant *Moses A. Schloss*, administrator of the estate of *Andrew Sample*, deceased, and says that on the —— day of ——, 186–, one *Joseph E. Mitchell* filed in this court a pretended claim against the estate of said *Statelar;* that the claim was not allowed by plaintiff, and the same was put upon the issue docket for trial at the *July* term, 1865, of this court; that at said term, said *Mitchell* made a false and pretended transfer of said claim, *pendente lite,* to *Andrew Sample,* not for the purpose of vesting the title to said claim, or the proceeds thereof, in him, but for the purpose of its appearing upon the docket that *Sample* was the owner thereof, and thereby to enable said *Mitchell* to testify as a witness in his own behalf. Plaintiff avers that he had no knowledge at the trial but that said *Sample* was the real owner of said claim. Said claim came on for trial in this court at the *July* term, 1865, and at said trial said *Mitchell* and *Sample* were sworn and examined as witnesses in said cause; and said *Mitchell* and *Sample* corruptly confederated together for the purpose of defrauding the estate of said *Statelar* by getting said claim

allowed by the court in the name of said *Sample*, for the sole use and benefit of said *Mitchell*, said *Sample* having no interest therein. That for the purpose of carrying out said conspiracy and confederation, said *Mitchell* and *Sample* testified that said *Sample* owned said claim; that he paid said *Mitchell* two hundred dollars in greenbacks therefor, and that *Mitchell* had no interest whatever in the same; that *Sample* was, in pursuance of his purchase thereof, and payment therefor, as above, the *bona fide* owner thereof; and plaintiff then being unable to controvert said proof, the court allowed the claim in the name and for the benefit of said *Andrew Sample*. That plaintiff, since said allowance was made, to-wit, at the last term of this court, discovered and learned the fact that said *Sample* had not, at the time of the allowance aforesaid, nor has had at any time, any interest whatever in said claim, or any part thereof, but that he falsely, fraudulently and corruptly conspired and confederated with said *Mitchell* to swear said claim through to allowance; that through said conspiracy and confederation, said allowance was made against said estate, which, without said conspiracy, could and would not have been allowed by the court. That said *Sample* died intestate, and defendant is his administrator. That neither *Sample*, nor his estate, ever had any interest whatever in said claim or allowance, and plaintiff's estate has been damaged, by said fraudulent conspiracy, to the amount of said allowance, interest and costs, and plaintiff therefore asks that said judgment be, in all things, set aside and annulled, and for all proper redress."

The complaint is a novel one. It does not conform to any provision of the statute authorizing the granting of new trials, nor is a new trial asked. It does not contain the requisite statements of a complaint for a review. Indeed, it is not claimed by the appellant's counsel that it was intended either as a proceeding for a review or a new trial; but it is claimed to be an original complaint to vacate the judgment for fraud, based on the broad principles of equity. It does not state the substance, character or nature of the

claim on which the judgment was rendered; nor does it allege that, in fact, it was not a just and valid claim against the estate of the appellant's intestate. The only ground of complaint seems to be that the assignment of the claim by *Mitchell* to *Sample* was without consideration, and made for the fraudulent purpose of enabling *Mitchell* to become a witness, he being in fact the owner of the claim. If the claim was a valid one, then the estate cannot be said to have been injured by the alleged fraud. The complaint does not present such a case as to justify an appeal to a court of equity to vacate the judgment.

We think the court did right in sustaining the demurrer, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs, to be levied of the property of the decedent, &c.

*W. Herrod, W. W. Herrod, S. Stansifer* and *F. Winter,* for appellant.