## SANDERS, ADMINISTRATRIX, *v.* LOY.

NEW TRIAL.—*Newly-Discovered Evidence.*—*Bill of Exceptions.*—When, during the term at which a trial has been had, a motion for a new trial on the ground of newly-discovered evidence is overruled, to present such ruling to the Supreme Court, the record on appeal must contain by bill of exceptions the evidence given on the former trial and the newly-discovered evidence, as they were shown on the hearing of the motion.

SAME.—*Complaint.*—An application for a new trial on the ground of newly-discovered evidence, made after the term at which a trial of an action has been had, is a new and independent proceeding, and is by complaint, which must state the evidence given on the trial and that newly-discovered, and an issue must be formed, tried, and determined, and the evidence upon such trial, to become part of the record, must be made so by bill of exceptions.

SAME.—*Demurrer.*—A demurrer to a complaint for a new trial on the ground of new evidence discovered after the term admits the evidence on the former trial, and that newly-discovered, to be as stated in the complaint.

From the Hendricks Circuit Court.

*E. F. Ritter* and *L. Ritter,* for appellant.

*L. M. Campbell,* for appellee.

BUSKIRK, J.—This was a complaint for a new trial under section 356 of the code, 2 G. & H. 215, on the ground of newly-discovered evidence. A demurrer was sustained to the complaint, and that ruling is assigned for error.

Various objections are urged to the complaint by counsel for appellee. The first is, that the evidence given upon the original trial is not put in the record by a bill of exceptions. The objection is not well taken. Counsel seem to have confounded this proceeding with a motion for a new trial

made in term time, on the ground of newly-discovered evidence. When the motion is made during the term, it must appear that the new evidence was discovered after the trial. When the application is made after the term by a complaint, it must appear that the new evidence was discovered after the term at which the verdict or decision was rendered. When the application is made during the term, it becomes a part of the original proceedings, and if the motion is overruled, the party on appeal must put in the record by a bill of exceptions the evidence on the original trial and the newly-discovered evidence as shown upon the hearing of the motion.

When the application is made after the term by a complaint, the proceeding is a new and independent one, and cannot be fastened upon the former proceeding, which had already resulted in a judgment, and was no longer pending in court. The application, when made after judgment and at a subsequent term of the court, must, as we have seen, be regarded as an independent proceeding, and must set out the issues upon the former trial and the evidence given on such trial, with the newly-discovered evidence. An issue must be formed on the complaint, and the issue thus formed must be tried by the court. Upon such trial, the plaintiff should introduce in evidence the record of the former trial, prove what the evidence was upon such trial, the newly-discovered evidence, and show that it had been *discovered* since the term when the case was formerly tried, and what diligence he had used to discover the evidence before the former trial. The defendant should in like manner introduce his evidence orally before the court. If the new trial is refused, the party appealing to this court should put into the record by a bill of exceptions all the evidence, documentary and oral, which was offered and considered by the court in the application for a new trial. When this is done, this court will have before it the issues and evidence on the former trial and the newly-discovered evidence, and can determine whether the court below improperly refused the new trial.

Sanders, Adm'x, *v.* Loy.

The practice and rules above indicated are fully established by repeated decisions of this court: *Allen* v. *Gillum*, 16 Ind. 234; *McKee* v. *McDonald*, 17 Ind. 518; *Crawford* v. *Martin*, 19 Ind. 370; *Glidewell* v. *Daggy*, 21 Ind. 95; *Cox* v. *Hutchings*, 21 Ind. 219; *Pattison* v. *Wilson*, 22 Ind. 358; *House* v. *Wright*, 22 Ind. 383; *Huntington* v. *Drake*, 24 Ind. 347; *Freeman* v. *Bowman*, 25 Ind. 236.

The complaint for a new trial contained the following:

1. The complaint, answer, and reply in original action.
2. The exhibits filed with the complaint and answer.
3. Interrogatories submitted and answers thereto.
4. The evidence given on the former trial.
5. The verdict of the jury.
6. The motion for a new trial.
7. The newly-discovered evidence, including the affidavit of the witness by whom the newly-discovered evidence could be established.
8. Allegations in reference to diligence and the discovery of the new evidence.
9. Prayer for a new trial.

It is very obvious that the complaint is not subject to the objection that the evidence upon the former trial is not put in the record by a bill of exceptions. There is no mode in which it could be in the record at the time when the demurrer was filed to the complaint. As we have seen, the plaintiff was bound to set out in the complaint what he understood the evidence was upon the former trial, but upon the trial, he would have been required to prove what the evidence on the former trial actually was; and on appeal to this court, all the evidence given upon the application for a new trial would have to be set out in a bill of exceptions. The complaint purported to set out all the evidence given on the former trial. This was sufficient.

The next objection urged to the complaint is, that it does not show that reasonable diligence had been used to discover the new evidence before the former trial. The original action was brought by the appellant as administrator *de*

*bonis non* of the estate of Benjamin Sanders, deceased, against the appellee as one of the original administrators of said estate, for the value of certain personal property which it was alleged he had converted to his own use. It appears that Benjamin Sanders, deceased, and David Mills were partners; that Loy, the appellee, loaned money to said firm, and was surety for such firm, and also for Sanders individually; that to secure him against loss, Sanders conveyed to him a tract of land in the State of Iowa and gave him a chattel mortgage, and that the firm assigned to him certain notes; that the appellee had sold and conveyed the Iowa lands and converted the proceeds to his own use; that upon the death of Sanders, he had become one of the administrators of his estate and had sold and applied to his own use personal property of the value of about sixteen hundred dollars. The purpose of the action was to compel the appellee to account for such real estate and personal property. There seems to have been but little dispute as to the fact that the appellee had sold and appropriated to his own use the proceeds of the sales of the real and personal property mortgaged. The real controversy was in reference to the sums which the appellee had paid for said firm and Sanders. Mills, the former partner of Sanders, was introduced by the appellee as a witness in his behalf, to prove certain payments of money for the firm and Sanders. It was known that Mills had given to the appellee a chattel mortgage to secure the same debts, for which the mortgages by Sanders had been given, but the plaintiff in her complaint for a new trial alleges that she did not know that he had paid the appellee any money in repayment for money which he had paid on the debts of the firm or for Sanders. It is alleged in the complaint, and the allegation is supported by the affidavit of Mills, which is made a part thereof, that Mills paid to the appellee the sum of thirteen hundred dollars, for which sum the appellee asked and obtained credit in the original action. The excuse given by Mills for his failure to testify to such payment is, that he was not asked whether he had paid any

Sanders, Adm'x, *v.* Loy.

money to the appellee.   The excuse given by the appellant for her failure to make inquiry of Mills in reference to such payment and the partnership affairs generally is, that unfriendly relations existed between them, and the entire absence of all knowledge or information on her part that any such payment had been made.   The appellant was placed in a very difficult and embarrassing situation.   The death of her husband left the partnership affairs to be settled by Mills, the surviving partner.  The appellee, who held a mortgage on the most of the real and personal estate of the decedent, became one of his administrators.   Unfriendly relations existed between her and Mills.   She had the right to suppose that Mills, instead of concealing his knowledge of such payment, would have voluntarily given her information in reference thereto.   The affidavit of the appellant, which is made a part of the complaint, contains the following averments :   " And said affiant further swears that she had no knowledge of said payment having been so made by said Mills before the trial of this cause ; that said Mills was not on friendly relations with affiant, and that she used all reasonable diligence to ascertain what said Mills knew of all the matters at issue in this suit, but could learn nothing ; that she never learned of said evidence until after the trial of this cause, and after the close of the term of court at which said trial was had ; and could not by reasonable diligence have discovered said evidence before the trial ; that said Mills was a witness for said Loy on said trial, and was not asked by said defendant's attorney any question about such payment, although the payment was well known to defendant at the time, and that she did not ask said witness any question as to such payment, and that there was no evidence given as to such payment on the trial."

We think the appellant, under the circumstances stated, is not chargeable with culpable negligence in not ascertaining the fact of such payment before the former trial or before the close of the term at which the trial was had.   She was

only required to use reasonable diligence, and this is averred. We think the complaint was sufficient in this respect.

Finally, it is earnestly contended by counsel for appellee, that as the evidence given on the former trial is not put in the record by a bill of exceptions, it cannot be told but that the evidence of Mills is cumulative only. The complaint contains what purports to be all the evidence given on the former trial. The demurrer admits all the allegations of fact in the complaint to be true. From the evidence set out in the complaint, we are enabled to see that no evidence was given on the former trial in reference to such payment. For the purpose of disposing of the ruling of the court below on the demurrer, we are bound to assume what the demurrer admits, that the averments of fact in the complaint are true. If they are untrue, the appellee can show such fact on the trial. It is averred in the complaint that the fact of such payment by Mills to the appellee was not discovered until after the close of the term at which the former trial was had. This fact will have to be proved upon the trial. The newly-discovered evidence is material, and, if true, shows that a great wrong has been perpetrated, and that such evidence will probably produce a different result.

We think the complaint is sufficient, and that the court erred in sustaining a demurrer thereto.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.