ROUSH *v.* LAYTON ET AL.

PLEADING.—*Complaint for New Trial.*—A complaint for a new trial must be filed not more than one year after the final judgment was rendered.

SAME.—Such complaint must set fórth the evidence given on the former trial.

REVIEW OF JUDGMENT.—Newly-discovered evidence is not a ground for a review of a judgment.

PLEADING.—*Judgment Obtained by Fraud.*—A complaint to impeach and set aside a judgment for fraud, alleging that the judgment was obtained mainly on the testimony of a certain witness, that the plaintiff had since learned that said witness was induced, by threats of bodily harm and fear, to swear to certain facts, that said witness now confesses that he was so induced to give such testimony, and confesses that it was false, without alleging that such testimony was untrue, is bad on demurrer.

From the Tippecanoe Common Pleas.

*W. D. Wallace* and *A. Rice,* for appellant.

DOWNEY, J.—Action by the appellee Layton against Mary E. Long, Andrew J. Roush, the, appellant, and Erasmus M. Weaver.

It is alleged in the complaint, that "on the 24th day of June, 1869, in the common pleas of said county, Mary E. Long, by hcr next friend, Thomas Earl, recovered a judgment against the appellee Layton for five hundrcd dollars, for an alleged seduction of said Mary E. Long; that said Roush entered a lien thereon, as the attorney of said Mary E. Long, for two hundred and fifty dollars, for his fee, and afterwards assigned two hundred and forty dollars of the amount to said Weaver."

The complaint, answer and judgment in that cause are made part of the complaint in this cause, and filed with it.

The complaint then avers, " that said judgment was procured mainly on the testimony of the defendant Mary E. Long; that since the trial of said cause and the rendition of said judgment, to wit, on or about the 19th day of August, 1871, plaintiff learned the fact that said Mary E. Long had been induced, by threats of bodily harm and fear, to swear that plaintiff had seduced her and had connection with her in his own house, and had begotten her with child; that she was induced to swear by Elizabeth McCoy and Julia Ann Earl; that said Mary E. Long now confesses the fact that she was so induced to give her evidence by the said Elizabeth McCoy and Julia A. Earl, all of which was false."

The affidavit of said Mary E. Long is filed with the complaint, and contains, in substance, the same facts.

It is further alleged that the plaintiff did not discover the facts, as detailed in said affidavit, until said 19th day of August, 1871, and could not have discovered the same by any means in his power, except the said confession of said Mary E. Long; and that he has filed his petition as soon after the discovery as he could, and without unreasonable delay. Prayer, that the judgment be set aside and held for naught. He alleges that he paid to Roush and Weaver, on their said lien, one hundred and twenty-three dollars, before the discovery of said facts; wherefore he asks for judgment against them for said sum, and for other relief.

Mary E. Long being a minor, a guardian *ad litem* was appointed for her, and she and also Roush and Weaver separately demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The court overruled the demurrer of Mary E. Long and that of Roush, and they excepted, and sustained the demurrer of Weaver, and the plaintiff excepted.

Mary E. Long answered, but the answer was afterwards withdrawn. Roush answered, that within a week after making the affidavit attached to the complaint, Mary E. Long made another affidavit, in which she asserted the truth of her evidence in the former trial, and stated the opposite of

what she swore to in the affidavit appended to the complaint.

On motion of the plaintiff, the affidavit attached to the answer of Roush was struck out, and a demurrer to the answer was filed and sustained.

Roush then filed a second and third paragraph of answer. The second was a general denial. The third was a special paragraph, the facts of which need not be stated at length.

At this stage of the case, the guardian *ad litem* of Mary E. Long was discharged, and a new guardian appointed, who filed an answer for her in two paragraphs. The first was a general denial, and the second alleged that the affidavit filed with the plaintiff's complaint was procured from her by the undue influence, threats and promises of the plaintiff, and without her comprehending or understanding its import; and that the same, so far as it attacks the truthfulness of the testimony given by her on the trial of the cause in which the judgment was rendered, which the plaintiff in this action seeks to set aside, is false; all of which will more fully appear by her affidavit, which is herewith filed. The affidavit then follows in the record, as indicated in the answer.

Reply in denial of the second paragraph of the answer of Mary E. Long and the third paragraph of the answer of Roush.

Trial by a jury, and verdict for the plaintiff, assessing damages as against Roush at ten dollars. Motion for a new trial by Roush overruled, and judgment setting aside the judgment mentioned in the complaint, as to him and Mary E. Long, and for the ten dollars against Roush, and in favor of Weaver for costs. Roush appealed from the judgment against him, and Layton appealed from the judgment of Weaver against him. Two cases are pending in this court.

Roush assigns for error, in the appeal by him, that the court erred:

1. In overruling his demurrer to the complaint.

2. In overruling his motion for a new trial.

3. In sustaining the demurrer to the first paragraph of his answer.

Layton, in his appeal, assigns as error the sustaining of the demurrer of Weaver to the complaint.

It cannot be understood from the record, whether the pleader intended the complaint as a complaint for a new trial, or to review the judgment, or to set aside the judgment for fraud. The complaint is a novel one, as was remarked by ELLIOTT, J., in *Statelar's Adm'r* v. *Sample's Adm'r*, 29 Ind. 315, a somewhat similar case.

The complaint cannot be sustained as a complaint for a new trial. Such a complaint must be filed not more than one year after the final judgment was rendered. 2 G. & H. 215, sec. 356. Here, the judgment was rendered on the 24th day of June, 1869, and this complaint was filed on the 26th day of August, 1871.

Such a complaint must set forth the evidence given on the former trial of the cause. This complaint does not pretend to do this. *Pattison* v. *Wilson*, 22 Ind. 358; *Cox* v. *Hutchings*, 21 Ind. 219. There are other cases.

The complaint is not valid as a complaint to review the former judgment. Newly-discovered evidence is not a ground for review. *Webster* v. *Maiden*, 41 Ind. 124, and cases cited.

If the complaint was designed as a complaint to impeach and set aside a judgment for fraud, we are of the opinion that it does not make a case for such relief. The complaint derives no strength from the affidavit of Mary E. Long, attached to it. It is not properly any part of the complaint. She was an infant and uneducated; and it is too plain to admit of doubt, that she was imposed upon or did not know what she was doing. At first she swears that she was seduced and debauched by Layton. Then, at his procurement, she swears that what she testified to on the trial was not true. Then, again, she swears that her testimony was true, and the affidavit made at the instance of the plaintiff false and procured by falsehood and menaces.

The complaint is too loosely drawn to justify a proceeding to impeach for fraud a judgment regularly and deliberately

pronounced. It alleges that the judgment was procured "mainly" on the testimony of Mary E. Long. This is very uncertain. Then the complaint does not charge that the judgment was obtained by the perjury of Mary E. Long, and set out the facts, but simply alleges that "plaintiff learned the fact that Mary E. Long had been induced, by threats of bodily harm and fear, to swear that plaintiff had seduced her," etc. It is not alleged that what she testified to on the trial was untrue, or that the plaintiff was, in fact, not guilty of what was alleged against him.

A separate opinion will be written, affirming the judgment below in favor of Weaver, in the appeal of Layton.

The judgment in this appeal is reversed, with costs, and the cause remanded, with instructions to sustain the demurrers of Mary E. Long and Roush to the complaint.