Okbt, J.
¥e do not find any thing in the record which will warrant a reversal of the findings of the district court at the September term, 1874. In reaching that conclusion, we decide nothing which, under our rules, is for report. This opinion will be confined to the question whether the *181 district court erred in holding that the eighth specification in the motion for a new trial — “ newly discovered evidence ” — was in such indefinite form that it might be regarded as frivolous. But, in determining that.question, the practice as to new trials, on the ground of newly discovered evidence, must, to some extent, be considered.
Under the former practice in this state, the courts always had the power to grant new trials. By a provision in the practice act of 1810 (1 Chase, 706), w’hich was continued in force until the adoption of the code of civil procedure, in 1853, the supreme (now district) court and the court of common pleas had power to grant new trials “ for reasons for which new trials have usually been granted in courts of law.” 2 Chase, 969, 1275 ; 3 Chase, 1686 ; Swan’s C. S. 677, 671; 3 Curwen, 1983.
Anciently, in England, new trials were not allowed, except for matters appearing in the record; but the courts, at an early day, began to exercise discretion in setting aside verdicts where injustice had been done ; and, finally, that which had been merely matter of discretion, became classified into well-defined rules, though, of course, a court clothed with power to grant new trials, must necessarily be vested with large discretion. Long before the passage of the earliest statute to which I have referred, it had become well settled, in England and in this country, that a new trial would, in a proper ease, be granted on the ground of newly discovered evidence. Broadhead v. Marshall, 2 W. Bl. 955 ; Lister v. Mundell, 1 B. & P. 427; Thurtell v. Beaumont, 8 Moore, 612 ; s. c., 1 Bing. 339 ; Weak v. Callaway, 7 Price, 677; Hilliard on New Trials (2 ed.) 491. These authorities show that motions for new trials, based on that ground, are not favored. In construing our former statutes, that rule was not disregarded. The motion was denied if the mover had been guilty of laches. And in Ludlow v. Bark, 4 Ohio, 5, 44, it was said : “ In considering the motion, the court will not inquire whether, taking the newly discovered evidence in connection with that exhibited on the trial, the jury might be induced to give a dif *182 ferent verdict, but whether the legitimate effect of such evidence would be to require a different verdict.” But, while there has been great diversity in the practice in this country as to new trials, the strictness required in this state was, under the former practice, generally in matter of substance, and not as to the mere form of the motion. The statement of a ground for a new trial, in substantially the form employed in this case, was sufficient. Ludlow v. Park, supra; Reed v. McGrew, 5 Ohio, 475 ; Perrin v. Protection Ins. Co., 11 Ohio, 147; Loeffner v. The State, 10 Ohio St. 598; Harris v. Protection Ins. Co., Wright, 548; How v. Bodman, 1 Disney, 115 ; 2 Swan’s Pr. 922. True, it was said in Ludlow v. Park, that “ our practice requires that the newly discovered evidence should be disclosed ” (p. 44). This was said, however, not with reference to the form of the motion, but to the manner in which it should be supported, the object being the disapproval of a practice, which had prevailed in this state, of granting the motion on the verbal statement of counsel as to the newly discovered evidence. The State v. Shanks, Tappan, 13.
In our former statutes, as we have seen, the grounds for a new trial were not enumerated; but a change in this particular was made by the civil code of 1858, which, in enumerating the grounds, provided that a new trial might be granted for “ newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial ” (§ 297). But this worked no change in the law. In Humphries v. Marshall, 12 Indiana, 609, the ground assigned was in the identical words of this motion, and the statute of Indiana, in this particular, is a transcript of our code. Objection was made to the form of the motion, but the supreme court held it to be sufficient. And in Cleveland, etc., R. Co. v. Long, 24 Ohio St. 133, Mcllvaine, J., in speaking of the condition of things essential to granting a motion based on that ground, pertinently remarked that “the rule of practice on this subject has not been substantially changed by section 297 of the code.”
*183 Suggestion is made, however, that the motion should be so specific that if the opposite party will admit the truth of the statement, the court would be warranted in granting a new trial. I do not know of any such pi’actice. A motion for a new trial proves nothing ; nor is any statement, verbal or written, required in answer to it. Silence is a complete answer. Nothing is required of the opposing party but to overcome, if he can, by like evidence, the case made in the mover’s affidavits. The court is not required to grant a new trial, even at the request of both parties. Aiken v. Bruen, 21 Ind. 137. Nor will it do so, except to subserve the ends of justice, or in obedience to the provisions of a statute. Any other course would be unjust to other litigants and to those who are taxed to secure the due administration of justice. If, in assigning this ground for a new trial, the mover had copied the words of the statute literally, no information would have been conveyed to the opposing party that was not conveyed by this motion. He would have been informed, if the words of the statute had been copied, that the newly discovered evidence was material for the party applying for the new trial, and that he could not, with reasonable diligence, have discovered and produced the evidence at the trial; but this information was as clearly conveyed by the'whrds used in this case, for, unless that condition of things existed, a new trial could not have been granted on the ground of newly discovered evidence. Indeed, it seems clear that the clause of the statute concerning newly discovered evidence, has relation, not to the form of the motion, but the diligence required of the party moving and the character of the evidence upon which such new trial may be granted.
A question of far more importance is, whether the court can not compel the party moving to make such an assignment of grounds for a new trial more definite and certain by setting forth therein, in general terms, the newly discovered facts. "We do not doubt the existence of such power, nor that its proper exercise would go far to j>re-vent baseless applications. It may be that newly discov *184 ered evidence is sometimes assigned as a ground for a new trial, when the mover has far greater hope of sustaining the assignment by something thereafter to bo discovered, than by any thing then known to him. No such practice should be tolerated, and, if the evil exists, it should be remedied either by rule or statute.
In this case, as we have seen, the plaintiff asked leave to amend his motion, by setting forth therein the newly discovered facts, and the names of the witnesses by whom they could be proved, and leave was refused. This, of itself, is not ground of reversal. It is also time, that the record does not contain the rejected affidavits, or the facts which they tended to prove; and that, ordinarily, will be a fatal objection to a reversal. Himrod Furnace Co. v. Cleveland, etc., R. R. Co., 22 Ohio St. 451. But, as will be presently shown, this proceeding in error should not be defeated by the application of either of these rules, for the error does not consist merely in refusing leave to amend, nor in excluding a particular fact or item of evidence.
Smith v. Bailey, 26 Ohio St. 1, cited as authority that this court will not review the action of the district court as to that part of the motion, does not sustain the proposition. In House v. Elliott, 6 Ohio St. 497, and other cases following it, the rule was perfectly well settled that, under the code of civil procedure, there was no power in this court to review the judgment of the court below, where the ground of reversal was that the verdict or finding was contrary to the weight of evidence. Then came the act of 1858, which conferred such power. Ide v. Churchill, 14 Ohio St. 372, followed in many cases. In Bailey v. Smith, it was held that the act of 1858 did not extend to the decision of the court in overruling a motion for a new trial based on the ground of newly discovered evidence. But here we are not called upon to determine as to the weight or sufficiency of evidence. It is wholly immaterial whether the affidavits did or did not make a case for a new trial. The error consists, not in weighing, but in excluding the whole evidence, without re *185 gard to its weight. The court refused to pass any judgment on the sufficiency of the affidavits, while the record shows they contained material evideuce. The error is entirely analogous to the rejection of a competent witness, which affords ground of reversal, although no fact sought to be established by him is stated in the record. Hollister v. Reznor, 8 Ohio St. 1; Wolf v. Powner, 30 Ohio St. 472. Other illustrations of the same principle are found in our reports. Thus, in Newman v. Cincinnati, 18 Ohio, 323, the plaintiff had proved, by his evidence, a prima facie case, but the evidence offered on the other side was regarded by the court below as decisive of the case in favor of the defendant, and a verdict in the defendant’s favor was directed. In delivering the opinion in this court, Hitchcock, C. J., said: “ We do not consider this a mere technical error,but we look upon it as an invasion, by the court, of the province of the jury, which should always be guarded against; and, although upon the whole case as exhibited to us, we are of opinion the plaintiff has no claim, either in law or equity to the premises in controversy, we feel ourselves bound to reverse the judgment.” " And see Jones v. The State, 26 Ohio St. 208.
The most difficult question remains. In hearing the case on this motion for a new trial, based on the ground of newly discovered evidence, will the district court be authorized to look to the evidence discovered since the September term, 1874 ? In my opinion, this question should be answered in the negative. A party may obtain a new trial upon motion, but the motion must be filed during, and not after, the term at which “the verdict, report, or decision is rendered.” Civil Code, § 299. Where the grounds are discovered subsequently to the term when “ the verdict, report, ... or decision was . . . rendered,” relief can only be had by petition. § 301. A motion, ordinarily in the briefest terms, may be, and usually is, heard in a summary manner upon ex parte affidavits ; while a petition is a substitute for the remedy by bill 'in equity for a new trial, on the ground of newly discovered evidence *186 (Stevens v. Hey, 15 Ohio, 313; Brown v. Luehrs, 79 Illinois, 575 ; Hilliard on New Tr. (2 ed.), 604; 2 Nash’s Pr. 1048); though, on the one hand, the remedy is broader than by bill in equity, and, on the other hand, section 301 may not provide for all the cases in which relief may be had where the principal ground is newly discovered evidence.
A partjq in my opinion, has his election to abide by his motion, where one has been properly filed, in which case he should be confined to evidence discovered during the trial term, and subsequently to the findings; or, where the cause has been continued on such motion, and he discovers evidence subsequently to the trial term, he may abandon his motion and proceed by petition, which must contain the substance of the evidence offered on the trial, as well as that newly discovered, and show diligence (Sanders v. Loy, Shigley v. Snyder, 45 Ind. 229, 543); and on the hearing of such petition, the evidence must be delivered orally in open court, or by deposition, with full opportunity for cross-examination (§ 801); and the whole evidence, without regard to the time it was discovered, will be considered by the court. What the practice is where the petition for a new trial has been sustained is well settled. Frazier v. Williams, 24 Ohio St. 625; Watson v. Payne, 25 Ohio St. 340; Bank v. Slemmons, 34 Ohio St. 142.
The reasons for the view I have stated are as strong as if judgment had been rendered at the trial term, and all the new evidence had been discovered subsequent to that term. Admitting that the words of the statute will admit equally well of either construction, it seems to me the one I have indicated should be followed. It is certainly a reasonable rule, that where a statute regulating practice admits of two probable but conflicting constructions, neither of them leading to serious inconvenience, that construction is to be preferred which seems best calculated to secure the due administration of justice; and where, according to one construction, the party moving for a new trial may, on the hearing, offer evidence secretly collected, it may be during a period of several months, or, in an ex *187 treme case, even years, and without any opportunity for cross-examination, while, according to the other construction, the testimony of no witness can be offered without an opportunity of cross-examination — the importance of which is sometimes inestimable — the latter construction, I think, must be the proper one. True, the person testifying by affidavit may, on application of the opposing party, be afterward compelled to testify, on the hearing of the motion, by deposition, or even orally if within the jurisdiction of the court; but every lawyer knows that, in actual practice, this is no effectual check on the abuses incident to a hearing supported by affidavits, where the motion has been pending for many months.
But while my opinion is as I have stated it to be, the other members of the court, it may be thought with better reason, unite in holding that the sections of the civil code relating to new trials (§§ 297-301), construed in connection with the sections providing in what manner judgments and orders may be vacated in the courts where rendered or made (§§ 534-542), fully authorized one who filed a proper motion during the trial term, on evidence then discovered, to support such motion, on its hearing at a succeeding term, by evidence discovered subsequently to the trial term, as well as evidence discovered during that term, but after the verdict was rendered, or report or finding made. They admit that a party who has made no motion for a new trial may file a petition for a new trial, under section 301, where the ground is discovered subsequently to the term when the verdict was rendered, or report or finding made, even though judgment may not have been rendered; but they hold that this peculiar language was used with a view of preventing a failure of justice in cases where a verdict has been rendered, or a report or finding made, aud the cause has been continued without judgment, for want of time or other cause, and subsequently to the trial term ground for a new trial is discovered, which can not be taken advantage of by motion, for the reason that no motion assigning that ground was filed during the term; and *188 that it is not necessary to resort to a petition under section 301, where the cause has been continued on a motion for a new trial, the general language of which is broad enough to embrace the case that would be made by petition. And the conclusion arrived at by the majority is, perhaps, strengthened by the remarks of the code commissioners, appended to section 301; and also by the general principle, apparent in the code, that a multiplicity of suits and proceedings should be prevented.
We hold that, under the circumstances, the court was not authorized to treat the statement of the ground for a new tidal, that is, “ newly discovered evidence,” as a nullity; and for this error the judgment, as well as the oi’der ovex’ruling the motion, so far as it relates to that ground for a new trial, must be reversed; but the finding at the September term, 1874, and the order overruling the motion for a new trial, as to all other grounds except newly-discovered evidence, will remain undisturbed.
The cause will be remanded to the district court. It will stand there for hearing on the motion for a new trial, on which hearing each party should be permitted to offer any proper testimony as to the newly-discovered facts, and the motion should be disposed of as if no other ground for a new trial had been assigned. As already indicated, however, the defendants below should be permitted to offer any proper evidence discovei’ed since the September term, 1874, as well as proper evidence discovered during that term, but subsequent t'o the finding.

Judgment reversed.