No. 8359.

## KITCH v. OATIS.

NEW TRIAL.—*Newly Discovered Evidence.—Diligence.—Practice.—Proof of Complaint.*—Upon the hearing of a complaint for a new trial, under section 356, 2 R. S. 1876, p. 183, the plaintiff should produce in evidence the record of the former trial and the evidence then given, with the newly discovered evidence pleaded, and prove that it was discovered after the term, and show what diligence he had used to procure the same at the former trial.

SAME.—*Bill of Exceptions.—Supreme Court.*—In such case, the evidence produced by the parties at the hearing and summary decision should be incorporated in the record by a bill of exceptions, to enable the Supreme Court to determine the correctness of the decision of the trial court in granting or refusing the new trial.

From the Grant Circuit Court.

*E. Kitch*, for appellant.

MORRIS, C.—The appellant filed his complaint in said court for a new trial, under section 356 of the code. 2 R. S. 1876, p. 183.

The complaint sets out the pleadings and issues in the action, the former trial, which was had at the April term of the Grant Circuit Court, 1878, and the evidence given by the parties on that trial. It is also alleged that after the adjournment of the April term, 1878, of said court, the appellant had discovered material new evidence; that he had been unable to discover it by the use of due diligence until after the term

of the court at which the cause had been tried was adjourned. The newly discovered evidence is also set out in the complaint, and the affidavits of the several witnesses by whom he expected to prove the facts are attached to and made part of the complaint. It was alleged that the witnesses resided in Grant county, and that if a new trial should be granted their testimony could be procured.

The appellee answered this complaint by a denial. The issue was submitted to the court and a new trial refused.

There is no bill of exceptions in the record containing the evidence submitted by the parties to the court on the trial of the issue made on the complaint for a new trial.

There are various affidavits copied into the record, some tending to support the application for a new trial, and others opposing it. From the record we infer that the issue was tried by the court upon these affidavits, but they are not so made a part of the record as to be considered in this court. The proper rule of practice in cases like this is thus stated in the case of *Sanders* v. *Loy*, 45 Ind. 229:

" The application " for a new trial, " when made after judgment and at a subsequent term of the court, must, as we have seen, be regarded as an independent proceeding, and must set out the issues upon the former trial, and the evidence given on such trial, with the newly discovered evidence. An issue must be formed on the complaint, and the issue thus formed must be tried by the court. Upon such trial, the plaintiff should introduce in evidence the record of the former trial, prove what the evidence was upon such trial, the newly discovered evidence, and show that it had been discovered since the term when the case was formerly tried, and what diligence he had used to discover the evidence before the former trial. The defendant should in like manner introduce his evidence orally before the court. If the new trial is refused, the party appealing to this court should put into the record by a bill of exceptions all the evidence, documentary

and oral, which was offered and considered by the court in the application for a new trial." *Allen* v. *Gillum*, 16 Ind. 234 ; *McKee* v. *McDonald*, 17 Ind. 518 ; *Freeman* v. *Bowman,* 25 Ind. 236.

There is nothing in this record for us to decide.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.

Petition for a rehearing overruled.